IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPULENT TREASURES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No.: 23-cv-14142 |

### DEFENDANT YA YA CREATIONS, INC.'S EMERGENCY MOTION TO ISSUE A CLARIFYING ORDER DISSOLVING *EX PARTE* TEMPORARY RESTRAINING ORDER

Defendant Ya Ya Creations, Inc. ("Ya Ya"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 65(b)(4), submits this Emergency Motion to Issue A Clarifying Order Dissolving The *Ex Parte* Temporary Restraining Order obtained by Plaintiff Opulent Treasures, Inc. ("Opulent"). In support hereof, Ya Ya states as follows:

1.    On October 17, 2023, Opulent obtained an *ex parte* temporary restraining order ("TRO") against Ya Ya – without notice – concerning alleged trademark and trade dress infringement with respect to certain cake and bakery stand products. Ya Ya did not become aware of the TRO until November 3, 2023, when it discovered that its primary payment vendor account (Shopify) was disabled, causing a severe disruption to its business. Ya Ya does not even have a copy of the TRO because it was filed under seal.

-1-

2. In obtaining the TRO, Opulent **omitted three material facts** to this Court about Ya Ya: (a) litigation is ongoing in the U.S. District Court for the Central District of California between the *same* parties, the *same* law firms, and concerning the *same* common nucleus of facts; (b) Ya Ya is an established business located in California and not an online counterfeiter; and (c) Ya Ya stopped selling the products accused of infringement more than a year ago. In short, Opulent knew how to provide Ya Ya with notice, but chose to engage in litigation by ambush.

3. The parties have been in litigation against each other since 2021, and a trial date has been set in the consolidated California cases. There was no legitimate reason for Opulent to proceed in secret against Ya Ya in this Court. Opulent clearly obtained the secret TRO for an anti-competitive purpose – to financially hurt its opponent in other litigation in federal court so that it would not be able to afford to defend itself in the California litigation or in this case and may be required to file for bankruptcy protection.

4. The Court has the inherent authority to clarify or change its prior orders to prevent injustice. *See Graham v. Balcor Co.*, 241 F.3d 1246, 1248 (9th Cir. 2001) ("Our authority to clarify or change our mandate is clear. This authority may be exercised for 'good cause' and to 'prevent injustice[.]'") (internal citations omitted). The Court may exercise that authority even after a case is dismissed. *See Krull v. Celotex Corp.*, 827 F.2d 80, 81 (7th Cir. 1987) (a court has the "power" to "issue a written opinion elaborating on a prior order after a case has been dismissed and a final judgment entered … where a court merely memorializes a previously rendered order within a reasonable time and without significantly altering the substance of that order).

5. As this Court has observed, "*ex parte* temporary restraining orders are vulnerable to abuse," and thus, "the safeguards embodied in Federal Rule of Civil Procedure 65(b) must be scrupulously honored." *PaineWebber Inc. v. Can Am Fin. Grp., Ltd.*, No. 87 C 6890, 1987 WL 16012, at *1 (N.D. Ill. Aug. 19, 1987) (citing 11 Wright & Miller, Fed. Prac. & Proc. § 2952 (1973)). Those safeguards include that a movant must (A) "*clearly show*" that *immediate and*

*irreparable* injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added); *see also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) ("[T]he circumstances in which an *ex parte* order should be granted are extremely limited.").

6. Opulent had no business pursuing a remedy as drastic as an *ex parte* TRO – especially one without notice – against Ya Ya. Indeed, "[e]x parte temporary restraining orders are most familiar to courts where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Mansukhani*, 742 F.2d at 322. As shown by the three material facts that Opulent chose not to tell this Court and for other reasons explained in this motion, this is not such a case.

7. Further, Opulent did not identify any actual irreparable harm or risk of imminent harm warranting issuance of temporary injunctive relief. Ya Ya is not selling Opulent products, or the products accused of infringement and has not sold them since December 2022, and Opulent knows this.

8. The balance of the hardships weighs against allowing the Ya Ya TRO to continue. Opulent will not suffer any meaningful harm from dissolving the TRO against Ya Ya because Ya Ya is not selling any Opulent products or counterfeits thereof, or any of the products accused of infringement by Opulent. By contrast, the harm to Ya Ya from the existing TRO is *substantial*. Without access to its funds from its Shopify account, Ya Ya cannot pay its employees, invoices, lawyers, or other expenses. As a result, Ya Ya had no choice but to apply for an emergency loan that will cost Ya Ya approximately $140,000 in interest and fees, and the bond that Opulent posted ($10,000) is not nearly large enough to alleviate the financial harm to Ya Ya caused by the improperly issued TRO.

9. Nor does the public interest support enforcement of a TRO against Ya Ya. The Court should not reward Opulent for its intentional omission of material facts to this Court and blatant attempts to forum shop in the midst of pending litigation in another district.

10. The Court should not reward Opulent for its anticompetitive conduct to freeze Ya Ya's assets in secret, especially given the ongoing litigation between the parties elsewhere.

11. Pursuant to Fed. R. Civ. P. 65(b)(4), Ya Ya asks for an expedited ruling on this motion – particularly given the significant and material financial harm it is suffering as a result of issuance of the TRO and Opulent's actions preventing Ya Ya from defending itself against the TRO. The TRO froze Ya Ya's accounts and assets with online e-commerce platform Shopify and Shopify's payment processor Stripe. This renders Ya Ya unable to pay its employees, fulfill orders, or fund its legal defense in the ongoing California litigation.

12. When confronted with the inappropriateness of obtaining an *ex parte* TRO against Ya Ya without notice, Opulent's counsel dismissed without prejudice the two websites it knew that Ya Ya owned. By then, however, the damage was already done. Shopify and Stripe have taken no action to restore Ya Ya's account – despite notice from Ya Ya of the dismissal of this case against its two e-commerce websites. Ya Ya cannot use the platform where it makes approximately 90% of its sales and, the end result of its unsavory conduct, is that Opulent has effectively shut down Ya Ya's business until its Shopify and Stripe accounts are restored.

WHEREFORE, for these reasons and those discussed in the accompanying memorandum of law, declarations, and exhibits, the TRO was improvidently granted and should be dissolved. Ya Ya respectfully requests that this Court enter an Order that Ya Ya can share with third parties, which: (i) clarifies that Ya Ya is dismissed as a defendant in this case, including its two websites at issue, (ii) dissolves the TRO against Ya Ya pursuant to Fed. R. Civ. P. 65(b)(4), (iii) explains that none of Ya Ya's accounts or other assets should be frozen in connection with this case, and (iv) grants any additional relief the Court deems equitable and just, including reimbursement of all

financial harm that Ya Ya has suffered as a result to the improperly obtained TRO by Opulent under the Court's inherent powers.

Respectfully submitted,

Date: November 10, 2023          By: /s/*Bradley C. Graveline*
                                                                                   Bradley C. Graveline (ARDC No. 6203817)
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
312.499.6301 (fax)
bgraveline@sheppardmullin.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 10, 2023, he caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

/s/ *Bradley C. Graveline*
Bradley C. Graveline (ARDC No. 6203817)
Sheppard Mullin Richter & Hampton LLP
321 N. Clark St., 31st Floor
Chicago, IL 60654
312-499-6300
bgraveline@sheppardmullin.com