IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPULENT TREASURES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: 23-cv-14142 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT YA YA CREATIONS, INC.'S EMERGENCY MOTION TO DISSOLVE *EX PARTE* TEMPORARY RESTRAINING ORDER AND ISSUE A CLARIFYING ORDER**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | BACKGROUND FACTS | 3 |
| | A. The Parties | 3 |
| | B. Opulent Sued Ya Ya in the Eastern District of Texas | 3 |
| | C. Opulent Sued Ya Ya in the Middle District of Florida | 4 |
| | D. Ya Ya Sued Opulent for Declaratory Judgment in in the Central District of California, Where the Cases Are Now Consolidated | 4 |
| | E. Opulent Filed an *Ex Parte* TRO Against Ya Ya in this Court, Despite the Parties' Pending Cases in the Central District of California | 5 |
| | F. When Confronted, Opulent Dismissed Ya Ya's Websites Without Prejudice, But Failed to Notify Third Party Vendors to Unfreeze Ya Ya's Accounts | 6 |
| III. | THE COURT SHOULD DISSOLVE THE TRO AGAINST YA YA | 7 |
| | A. Opulent Cannot Satisfy the Requirements for an *Ex Parte* TRO Against Ya Ya | 8 |
| |     1. The Circumstances Required Opulent to Notify Ya Ya of the *Ex Parte* TRO Proceeding | 8 |
| |     2. Opulent Cannot Show Ya Ya Poses a Threat of Imminent Harm | 10 |
| | B. The Balance of the Hardships Weighs in Favor of Vacating Opulent's *Ex Parte* TRO Against Ya Ya | 10 |
| | C. The Court Should Issue an Order Clarifying that the TRO No Longer Applies to Ya Ya and its Websites and that Ya Ya's Accounts Should Be Unfrozen | 12 |
| IV. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Can Co. v. Mansukhani*
   742 F.2d 314 (7th Cir. 1984) ............................................................................................7

*Geft Outdoors, LLC v. City of Westfield*
   922 F.3d 357 (7th Cir. 2019) ............................................................................................10

*Graham v. Balcor Co.*
   241 F.3d 1246 (9th Cir. 2001) ..........................................................................................12

*Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*
   415 U.S. 423 (1974) ..........................................................................................................13

*Jasper v. Danone N. Am. Pub. Benefit Corp.*
   22 C 7122 (N.D. Ill. July 12, 2023) ...................................................................................9

*Krull v. Celotex Corp.*
   827 F.2d 80 (7th Cir. 1987) ..............................................................................................12

*Opulent Treasures, Inc. v. Ya Ya Creations, Inc.*
   Civil Action 2:21-CV-00313-JRG (E.D. Tex. Mar. 30, 2022) E.D. Tex. Dkt. 1 .......................3

*Opulent Treasures, Inc. v. Ya Ya Logistics, Inc.*
   3:22-cv-921-TJC-JBT (M.D. Fla. May 26, 2023) M.D. Fla. Dkt. 1 .........................................4

*Opulent Treasures, Inc. v. Ya Ya Logistics, Inc.*
   3:22-cv-921-TJC-JBT (M.D. Fla. May 26, 2023) M.D. Fla. Dkt. 58 .......................................4

*PaineWebber Inc. v. Can Am Fin. Grp., Ltd.*
   No. 87 C 6890, 1987 WL 16012 (N.D. Ill. Aug. 19, 1987) ...............................................7

*Square One Entm't Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*
   No. 20 C 5685 (N.D. Ill. Apr. 5, 2021) ..............................................................................8

**Statutes**

Lanham Act ...............................................................................................................................3

Texas Business and Commerce Code .......................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 65(b) ..............................................................................7, 13

Goldman, Eric, *A SAD New Category of Abusive Intellectual Property Litigation*
   (February 5, 2023), Columbia Law Review ..............................................................11, 12

11 WRIGHT & MILLER, FED. PRAC. & PROC. § 2952 (1973) ............................................................. 7

# I. PRELIMINARY STATEMENT

The Court was not given the whole story behind this case as it relates to Defendant Ya Ya Creations, Inc. ("Ya Ya"). Plaintiff Opulent Treasures, Inc. ("Opulent") apparently forgot to tell the Court that it has been involved in litigation against Ya Ya – *another California company* – since 2021, and that the cases between them were consolidated because they essentially involved the same trademark and copyright claims. The consolidated case is pending in the U.S. District Court for the Central District of California ("California Litigation"). Opulent did not file a notice of related cases in this case pursuant to LR 40.4. Opulent also forgot to tell this Court that Ya Ya stopped selling the accused products more than a year ago, and that there is a trial date set for the California Litigation in September 2024. Opulent even forgot to tell the Court that its *same* counsel that filed this action is also lead counsel in the California Litigation. These are not inconsequential facts – they are material – and Opulent should have disclosed these facts to the Court.

Instead of seeking a temporary restraining order ("TRO") in the California Litigation (which would have been denied), Opulent filed a new lawsuit in this Court – under seal, so that Ya Ya could not even defend itself – and then, by omitting material facts, persuaded the Court to issue a TRO without notifying Ya Ya. All this occurred while the *same* law firms were in frequent contact with each other while litigating in California.

To make matters worse, as part of the *ex parte* TRO, Ya Ya persuaded the Court to freeze Ya Ya's assets. Ya Ya only learned about the frozen funds on November 3, 2023 when it learned that its Shopify account, a major payment vendor responsible for 90% of Ya Ya's sales, was disabled as a result of the TRO. Stripe is the entity that processes credit card payments for purchases made using Shopify, and Stripe was also served with the TRO, which further blocked payments to Ya Ya. Because of the disabling of its Shopify and Stripe payment services, Ya Ya

is unable to pay its vendors, employees, or lawyers, and it is also unable to engage in ordinary business activities. Ya Ya does not even have a copy of the TRO because it was filed under seal. Ya Ya asked Shopify to provide a copy of the TRO to it, but to date Shopify has not responded.

Opulent's actions were a transparent attempt to gain a litigation advantage in the California Litigation to either leverage a settlement, force Ya Ya into a position where it cannot even pay its lawyers to mount a defense, or force Ya Ya to file for bankruptcy. Opulent has put Ya Ya in a terrible position. Because Ya Ya cannot use its funds for ongoing business operations, it was forced to apply for an emergency $1.78 million loan and incur interest and costs of $140,000 unless the Court puts an end to Opulent's chicanery immediately.

Opulent's tactics to litigate by ambush are not only inappropriate, they undermine the purpose of the *ex parte* laws and are nothing short of an abuse of the litigation system. Only after Ya Ya threatened to file a motion to dissolve the TRO and seek reimbursement from Opulent for its attorneys' fees, costs, and lost revenue, Opulent dismissed without prejudice the two websites that it knew Ya Ya owned as defendants in this case. Yet Ya Ya's Shopify and Stripe accounts are still frozen, even though Ya Ya notified Shopify and Stripe of the dismissal. Opulent's efforts at dismissal, if any, have failed to rectify the financial damage and strain it knowingly imposed on Ya Ya. Shopify and Stripe need express clarification that the TRO no longer restrains Ya Ya or any of its websites.

Ya Ya respectfully requests that the Court **immediately** issue an order Ya Ya can share with third parties, which clarifies that Ya Ya and its websites are no longer defendants in this case, dissolves the TRO against Ya Ya and its websites, explains that none of Ya Ya's accounts or other assets should be frozen due to this case, and grants any additional relief the Court deems equitable, including reimbursement of all financial harm that Ya Ya has suffered as a result to the improperly obtained TRO by Opulent under the Court's inherent powers -- before further damage is done.

## II. BACKGROUND FACTS

### A. The Parties

Opulent is a California corporation located in El Segundo, California that manufacturers and distributes decorations for special occasions and celebrations. Dkt. 1 ¶¶ 8, 9. El Segundo is adjacent to Los Angeles International Airport in the Los Angeles Metropolitan Area.

Ya Ya is a prominent business to business wholesale event supply and specialty linen company. Ya Ya was established in 2002 and is headquartered in the City of Industry, California. Declaration of Mitchel M. Su ("Su Decl.")[1] ¶ 2. The City of Industry is also located in the Los Angeles Metropolitan Area.

Ya Ya does not know the identities of the other defendants because Opulent filed the list of defendants in Schedule A under seal. Dkt. 8, 14, 15. Ya Ya asked Opulent for Schedule A, but to date has not been provided with it. Declaration of Marc Karish ("Karish Decl.") ¶ 14. Opulent and Ya Ya, however, are the only relevant parties for purposes of this motion.

### B. Opulent Sued Ya Ya in the Eastern District of Texas

On August 17, 2021, Opulent filed a complaint against Ya Ya in U.S. District Court for the Eastern District of Texas, claiming that Ya Ya's marketing, distribution, and sale of certain home décor items infringed on Opulent's trademark and trade dress rights under the Lanham Act, the Texas Business and Commerce Code, and common law. *Opulent Treasures, Inc. v. Ya Ya Creations, Inc.*, Civil Action 2:21-CV-00313-JRG (E.D. Tex. Mar. 30, 2022) E.D. Tex. Dkt. 1; Karish Decl. Ex. A. Opulent amended its Texas complaint on December 23, 2021, further expanding the number of products at issue. E.D. Tex. Dkt. 19; Karish Decl. Ex. B. The case

---

[1] The Su Decl. was filed under seal because it contains confidential information regarding Ya Ya's business. Additional factual details are contained in the Su Decl. even though they are not set forth in this Memorandum.

involved the same trademarks and overlapping claims as at issue in this case. *Cf. id.* at p. 6-28 *with* Opulent Complaint, N.D. Ill. Dkt. 1.

The Eastern District of Texas transferred the case to the Central District of California on March 30, 2022, based on Ya Ya's motion for transfer, since both Ya Ya and Opulent are California companies. E.D. Tx. Dkt. 41; Karish Decl. Ex. C. In the Second Amended Complaint in the California Litigation, Opulent alleged:

> 5. On information and belief, Defendant Ya Ya operates affiliated websites **www.efavormart.com**, **www.tableclothsfactory.com**, www.ehomart.com, and www.silkflowersfactory.com.

Karish Decl. ¶19, Ex. N (emphasis added.)

**C.** <u>**Opulent Sued Ya Ya in the Middle District of Florida**</u>

Opulent filed a second complaint against Ya Ya and other defendants on August 24, 2022, in U.S. District Court for the Middle District of Florida, accusing Ya Ya and other defendants of many of the same claims as in the Texas case that was moved to California. *Opulent Treasures, Inc. v. Ya Ya Logistics, Inc.*, 3:22-cv-921-TJC-JBT (M.D. Fla. May 26, 2023) M.D. Fla. Dkt. 1; Karish Decl. Ex. D. On May 26, 2023, the Middle District of Florida also transferred the case to the Central District of California, because, as the court explained, both cases "involve many of the same designs allegedly infringing on Opulent's trademarks and arise from the same events involving Ya Ya Creations." *Opulent Treasures, Inc. v. Ya Ya Logistics, Inc.*, 3:22-cv-921-TJC-JBT (M.D. Fla. May 26, 2023) M.D. Fla. Dkt. 58; Karish Decl. Ex. E.

**D.** <u>**Ya Ya Sued Opulent for Declaratory Judgment in in the Central District of California, Where the Cases Are Now Consolidated**</u>

On August 29, 2022, Ya Ya filed suit against Opulent in the Central District of California, seeking declaratory relief to determine Opulent's claims for copyright, trademark, and trade dress infringement, and for Opulent's fraudulent takedown notices to online vendors of Ya Ya's listings

and products, violation of California Unfair Competition law, and interference with prospective economic advantage under California law. C.D. Cal. Dkt. 1; Karish Decl. Ex. G.

The Central District of California consolidated all of the cases on August 29, 2023 and set a trial date for September 23, 2024. C.D. Cal. Dkt. 293; Karish Decl. Ex. I.

### E. Opulent Filed an *Ex Parte* TRO Against Ya Ya in this Court, Despite the Parties' Pending Cases in the Central District of California

Less than one month after consolidation of the California Litigation, on September 26, 2023, Opulent filed a third complaint in this Court against Ya Ya's websites[2] that it knows Ya Ya owns (Karish Decl. ¶19, Ex. N) and against other defendants. This time, Opulent alleged a series of claims under seal, including for counterfeiting, trademark, trade dress, and copyright infringement, and other claims. N.D. Ill. Dkt. 1. Notably, the identities of the defendants in this action are listed in Schedule A, which was filed under seal.

At the time it filed its complaint, Opulent also filed an *ex parte* application – without notice – for a TRO against Ya Ya's websites and other defendants. N.D. Ill. Dkt. 11. The Court granted Opulent's *ex parte* application for a TRO, issued a temporary asset restraint, granted a temporary transfer of domain names, allowed expedited discovery, and allowed service of process by email and/or electronic publication, provided that Opulent posted the bond described in its application. N.D. Ill. Dkt. 15. On October 13, 2023, Opulent posted a $10,000 bond, presumably to satisfy the security deposit requirement. N.D. Ill. Dkt. 13.

The TRO became effective on October 17, 2023 and was set to expire fourteen days later. N.D. Ill. Dkt. 14. However, Opulent filed another *ex parte* motion to extend the TRO until November 14, 2023, which the Court granted. N.D. Ill. Dkt. 20.

---

[2] https://www.efavormart.com (Defendant No. 195); and https://tableclothsfactory.com (Defendant No. 197).

Ya Ya first became aware of the TRO on Friday, November 3, 2023, when it discovered that its Shopify payment account was disabled. Ya Ya's Shopify account represents 90% of Ya Ya's sales. Su Decl. ¶ 14. Without access to its funds from Shopify, Ya Ya cannot not pay its employees, lawyers, invoices, or other expenses. *Id.* ¶ 5. As a result, Ya Ya had no choice but to apply for an emergency $1.78 million loan to continue with its business operations. *Id.* ¶ 7. The loan will cost Ya Ya approximately $140,000 in interest and fees, *id.* ¶ 7, which is fourteen times more than the $10,000 bond Opulent posted with the Court.

Although another defendant requested that the Court set a briefing schedule to challenge the TRO, N.D. Ill. Dkt. 22, Ya Ya cannot wait that amount of time due to its impending and unnecessary financial strain and damage. Su Decl. ¶ 5-7, 9. The Court should dissolve the TRO and issue a clarifying order to third party platforms and processors like Shopify and Stripe.

**F.    When Confronted, Opulent Dismissed Ya Ya's Websites Without Prejudice, But Failed to Notify Third Party Vendors to Unfreeze Ya Ya's Accounts**

On November 6, 2023, Ya Ya notified Opulent that it intended "to file a motion to dissolve or modify" the TRO against Ya Ya "based on the pending consolidated cases in California and lack of irreparable harm." (Karish Decl. ¶ 15, Ex. K.) Ya Ya also advised Opulent it "would also seek reimbursement from Opulent for all of out of pocket costs and lost revenue resulting from the improperly issued TRO, and for the attorneys' fees and costs incurred in filing the motion." *Id.*

Approximately three hours later after Ya Ya sent a follow up email, Ya Ya voluntarily stated it would dismiss Ya Ya as a defendant and promised that "any restraint on [Ya Ya's] accounts, if any, will be lifted." *Id.* Although Opulent filed a notice of dismissal that same date, the restraints on Ya Ya's Shopify and Stripe accounts are still in place.

On November 9, 2023, Ya Ya requested that Opulent immediately "notify any of the third parties," including "Shopify and Stripe," that Opulent dismissed Ya Ya and "the TRO no longer applies to them." *Id* Ex. M. As Ya Ya reiterated, the restrained accounts are "continuing to cause

substantial harm to Ya Ya." *Id.* Ya Ya explained it needed Opulent's "help . . . as soon as possible." *Id.* Although Opulent contends it took "all steps to remove any restraints," it misrepresented that YaYa had no restrained accounts in connection with this lawsuit. *Id.* Nonetheless, Opulent promised to follow up with "all third-party processors" and assist "where requested." *Id.*

Despite Opulent's misrepresentations, Ya Ya's Shopify and Stripe accounts are still frozen and Opulent's efforts, if any, have failed to rectify the financial strain it imposed on Ya Ya. Shopify and Stripe need express clarification that the TRO no longer restrains Ya Ya.

### III.    THE COURT SHOULD DISSOLVE THE TRO AGAINST YA YA

Courts grant *ex parte* TROs only under "extremely limited" circumstances. *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). The circumstances are limited because "*ex parte* temporary restraining orders are vulnerable to abuse." *PaineWebber Inc. v. Can Am Fin. Grp., Ltd.*, No. 87 C 6890, 1987 WL 16012, at *1 (N.D. Ill. Aug. 19, 1987) (citing 11 WRIGHT & MILLER, FED. PRAC. & PROC. § 2952 (1973)). Consequently, "the safeguards embodied in Federal Rule of Civil Procedure 65(b) must be scrupulously honored." *Id.*

Under Fed. R. Civ. P. 65(b)(1), "[t]he court may issue a [TRO] without written or oral notice to the adverse party or its attorney *only if*" a moving party satisfies two requirements. Fed. R. Civ. P. 65(b)(1) (emphasis added). First, the party must identify "specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable* injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* (emphasis added). Second, the party's "attorney certifies in writing any *efforts made to give notice* and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added).

A.  **Opulent Cannot Satisfy the Requirements for an *Ex Parte* TRO Against Ya Ya**

Opulent had no basis to request that the Court restrain Ya Ya's accounts because Opulent could not satisfy the *ex parte* TRO requirements against Ya Ya for at least three reasons.

1.  **The Circumstances Required Opulent to Notify Ya Ya of the *Ex Parte* TRO Proceeding**

A plaintiff may satisfy the requirements for an *ex parte* TRO in a trademark case when the plaintiff cannot easily identify the defendants. In those cases, defendants "are often located outside the United States and are allegedly somewhat fly-by-night operations intent on evading U.S. laws." *Square One Entm't Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20 C 5685, at *2 (N.D. Ill. Apr. 5, 2021). "Plaintiffs contend, and district courts often agree, that it is necessary to restrain the defendants' assets without notice … to prevent them from removing their assets from the United States or otherwise hiding them." *Id.* "Those orders also usually permit service by email based on the plaintiff's allegation that true physical addresses for the defendants are not readily ascertainable or verifiable." *Id.* That is *not* the case here, and Opulent knew that when it filed this case and sought an *ex parte* TRO without notice.

Opulent could have easily notified Ya Ya of this case and the *ex parte* application for the TRO. Opulent is currently litigating several consolidated cases against Ya Ya in the Central District of California. Karish Decl. ¶ 10. Opulent is represented by the *same* law firm in the California Litigation as in this case, and it knows who Ya Ya's counsel is and how to communicate with him. *Id.* at ¶¶ 12-13. Not only did Opulent determine how to effectuate service of process on Ya Ya in those cases, it routinely communicates with Ya Ya's counsel. Ya Ya is neither located outside the United States nor is it a fly-by-night operation intent on evading U.S. laws, as Opulent represented to this Court. Su Decl. ¶ 3. Instead, Ya Ya is a prominent business to business wholesale event supply and specialty linen company established in 2002 and is headquartered in Southern California. *Id.* ¶ 2-3. Indeed both Opulent and Ya Ya are located in the Los Angeles

Metropolitan Area. *Id.* ¶ 2. Instead of providing notice to Ya Ya, Opulent filed a complaint and TRO motion in secret and then had the TRO served on Ya Ya's payment vendors. *Id.* ¶ 4.

Notably, Opulent did not inform this Court of the California Litigation, that Ya Ya is an established California company, that Ya Ya owns the websites https://www.efavormart.com (Defendant No. 195) and https://tableclothsfactory.com (Defendant No. 197), or that Ya Ya stopped selling the accused products more than a year ago.

The Court should not allow Opulent to benefit from its decision to secretly file a third case against Ya Ya in yet another jurisdiction. Why Opulent – a Southern California company – seeks to litigate against another Southern California company *outside of California* can only be interpreted as forum shopping. As this Court recently held, pursuing overlapping cases in two or more district courts "would result in duplicative motion practice" and "present a risk of inconsistent rulings," which "would grow more severe in the event of appeal" because it "might require two different circuit courts to decide the same issues for the same parties." *Jasper v. Danone N. Am. Pub. Benefit Corp.*, 22 C 7122, at *12 (N.D. Ill. July 12, 2023). "Such a waste of time and resources would undermine the public interest in judicial economy." *Id.*

This Court should not allow Opulent to litigate by ambush and then fail to clean up the mess it created. Opulent's failure to notify Ya Ya that it was filing a third case outside of California and failure to provide notice of its *ex parte* proceeding to disable Ya Ya's Shopify and Stripe payment accounts to hamstring its defense funds in the California Litigation is a transparent attempt to gain leverage over Ya Ya to pressure it to settle or to file for bankruptcy. Opulent's decision to litigate in secret in this forum is not only a blatant attempt to forum shop, but it is also an abuse of the judicial process given the circumstances and should not be tolerated.

### 2. Opulent Cannot Show Ya Ya Poses a Threat of Imminent Harm

Opulent cannot show that it will suffer an *immediate and irreparable* injury, loss, or damage from Ya Ya. There is no exigent circumstance intimating that Ya Ya will simply close up its business or fail to respond to court proceedings. Su Decl. ¶ 14. Ya Ya is an existing corporation with an established business based in California that is in the midst of litigating against Opulent in the Central District of California. Su Decl. ¶ 15. Furthermore, Opulent has no risk of immediate injury from Ya Ya. Ya Ya is not selling Opulent products or any products that Opulent has accused Ya Ya of infringing. *Id.* ¶¶ 8, 11. Nor does Ya Ya have plans to sell Opulent products or the products accused of infringement by Opulent in the future. *Id.* ¶ 8. There is simply no threat of any immediate or irreparable harm to Opulent that warrants a TRO against Ya Ya.

### B. The Balance of the Hardships Weighs in Favor of Vacating Opulent's *Ex Parte* TRO Against Ya Ya

Even if a plaintiff satisfies the other elements for a TRO, "the court must [also] weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction and consider whether an injunction is in the public interest.'" *Geft Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). Balancing those factors here clearly weighs in favor of dissolving the TRO against Ya Ya and its websites.

Opulent will not suffer any meaningful harm from dissolving the TRO against Ya Ya because Opulent dismissed Ya Ya's websites from this case and there is no infringing behavior to enjoin. Ya Ya is not selling and will not sell any of the products accused of infringement by Opulent. Su Decl. ¶ 8. To the extent Opulent believes it still needs injunctive relief against Ya Ya, Opulent could file that motion in the California Litigation, thereby providing Ya Ya with an opportunity to review its brief and purported evidence and respond accordingly.

By contrast, the harm to Ya Ya is substantial. Instead of providing Ya Ya with an opportunity to oppose its *ex parte* application for a TRO, Opulent engaged in a sneak attack,

avoiding the Central District of California, where the parties' cases are pending against each other. Ya Ya first became aware when it discovered by surprise that its Shopify and Stripe accounts were disabled. *Id.* ¶ 4. Without access to its funds from Shopify (which accounts for 90% of Ya Ya's sales), Ya Ya cannot pay its employees, lawyers, invoices, or other expenses. *Id.* ¶ 5, 14. As a result, Ya Ya had no choice but to apply for an emergency $1.78 million loan to continue with its business operations. *Id.* ¶ 7. The loan will cost Ya Ya approximately $140,000 in interest and fees. *Id.* ¶ 7. The bond that Opulent posted is nowhere near enough funds to cover the damage done to Ya Ya by the improperly issued TRO. The bond only makes up at best one fourteenth of that amount and, presumably, could be shared with other defendants as needed. Bond Posted N.D. Ill. Dkt. on 10/13/23.

The public interest likewise does not support enforcement of a TRO against Ya Ya. The Court should not reward Opulent for its blatant attempts to forum shop and hold an opponent's primary payment accounts hostage in the midst of pending legislation in another district. "There is [also] no public interest in seizing the funds and bank accounts of a competitor that is already involved in litigation, unless anti-competitive actions are for the greater good of more than just [Opulent's] bottom line." Goldman, Eric, *A SAD New Category of Abusive Intellectual Property Litigation* (February 5, 2023), Columbia Law Review Forum (2023 Forthcoming), Santa Clara Univ. Legal Studies Research Paper No. 4381824, available at SSRN: https://ssrn.com/abstract=4381824 or http://dx.doi.org/10.2139/ssrn.4381824 (last visited on 11/5/2023), and to be published in final form in November 2023. Karish Decl. Ex. O, p. 9. The Court should not reward Opulent for its anti-competitive conduct to freeze the assets of a competitor and impermissibly attempt to forum shop in the midst of pending cases between the parties elsewhere.

C. **The Court Should Issue an Order Clarifying that the TRO No Longer Applies to Ya Ya and its Websites and that Ya Ya's Accounts Should Be Unfrozen**

The Court has the inherent authority to clarify or change its prior orders to prevent injustice. *See Graham v. Balcor Co.*, 241 F.3d 1246, 1248 (9th Cir. 2001) ("Our authority to clarify or change our mandate is clear. This authority may be exercised for 'good cause' and to 'prevent injustice[.]'") (internal citations omitted). The Court may exercise that authority even after a case is dismissed. *See Krull v. Celotex Corp.*, 827 F.2d 80, 81 (7th Cir. 1987) (a court has the "power" to "issue a written opinion elaborating on a prior order after a case has been dismissed and a final judgment entered … where a court merely memorializes a previously rendered order within a reasonable time and without significantly altering the substance of that order).

The Court should unfreeze Ya Ya's assets to reinstate its Shopify and Stripe accounts. "To implement the TRO, online marketplaces often will freeze all of the defendants' marketplace activity, not just any infringing activity." Goldman, Eric, *A SAD New Category of Abusive Intellectual Property Litigation* (February 5, 2023). Karish Decl. Ex. O, p. 9.

"This freeze immediately harms defendants in two ways." *Id* at p. 9. "First, the freeze locks any cash being held by the online marketplace. This freeze can create severe or even fatal cash flow problems for the defendant, because it may not be able to pay its vendors, employees, or lawyers." *Id.* "Second, the freeze cuts off future sales by the vendor—including both allegedly infringing items and any other non-infringing items." *Id.* "Thus, there is a crucial mismatch between the TRO's intended and actual remedies." *Id.* "The TRO should only reach items within the scope of the rightsowner's IP, but the TRO induced freeze can restrict unrelated items and reduce the vendor's legitimate profits." *Id.*

Here, the Court's TRO order freezing Ya Ya's assets has had a far sweeping and detrimental impact at Ya Ya's financial condition. This freeze is threatening to create severe cash flow problems for Ya Ya because Ya Ya's Shopify account represents 90% of Ya Ya's sales. Su

Decl. ¶ 5, 14. Without incurring loan costs of approximately $140,000, Ya Ya cannot pay its employees, vendors, invoices, or lawyers to defend itself in its proceedings against Opulent. The asset freeze will also decrease Ya Ya's future sales due to limited access to funds. *Id.* ¶¶ 5, 6, 14. The TRO is so broad that it induced a freeze that restricts Ya Ya's unrelated products and is causing significant financial harm to Ya Ya. Su Decl. ¶ 6, 8 (detailing that Ya Ya had stopped selling the accused products more than a year ago and that its Shopify account does not contain any proceeds of the sale of the accused products).

Ya Ya requests that the Court immediately address this issue given the urgency concerning Ya Ya's disabled Shopify and Stripe accounts. There is no need to wait for disputes from other defendants or for the TRO to expire. *See Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just *so long as is necessary to hold a hearing, and no longer*.") (emphasis added).

## IV.     CONCLUSION

A remedy as drastic as an *ex parte* TRO without notice was not warranted against Ya Ya and its websites. For the foregoing reasons, this Court should enter an Order that Ya Ya can share with third parties, which: (i) clarifies that Ya Ya is dismissed a defendant in this case, (ii) dissolves the TRO against Ya Ya pursuant to Fed. R. Civ. P. 65(b)(4), (iii) explains that none of Ya Ya's accounts or other assets should be frozen in connection with this case, and (iv) grants any additional relief the Court deems equitable and just, including reimbursement of all financial harm

\\\

\\\

that Ya Ya has suffered as a result to the improperly obtained TRO by Opulent under the Court's inherent powers.

Respectfully submitted,

Date: November 10, 2023

By: /*s*/*Bradley C. Graveline*
Bradley C. Graveline (ARDC No. 6203817)
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
312.499.6301 (fax)
bgraveline@sheppardmullin.com

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 10, 2023, he caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,
/s/ *Bradley C. Graveline*
Bradley C. Graveline (ARDC No. 6203817)
Sheppard Mullin Richter & Hampton LLP
321 N. Clark St., 31st Floor
Chicago, IL 60654
312-499-6300
bgraveline@sheppardmullin.com
