IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OPULENT TREASURES, INC.,

    Plaintiff,

v.

Case No.: 23-cv-14142

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A HERETO,

    Defendants.

### DECLARATION OF MARC KARISH IN SUPPORT OF MOTION TO DISSOLVE *EX PARTE* TEMPORARY RESTRAINING ORDER

I, Marc Karish, declare as follows:

1. I am a partner in the law firm of Karish & Bjorgum, PC, attorneys for Defendant Ya Ya Creations, Inc. ("Ya Ya") in this case and in other litigation that has been filed and is pending between Plaintiff Opulent Treasures, Inc. ("Opulent") and Ya Ya. I submit this Declaration in support of Defendants' Motion to Dissolve or, Alternatively, Modify the Temporary Restraining Order issued on October 11, 2023, and to place before the Court true and correct copies of certain documents and certain information.

2. On August 17, 2021, Opulent sued Ya Ya for trademark and trade dress infringement relating to the sale of certain cake and bakery stand products. Opulent filed this case in U.S. District Court for the Eastern District of Texas. The trademarks at issue in the case are also at issue in the present case, namely, U.S. Trademark Registration Nos. 4,733,374, 4,729,340,

4,729,341 and 5,912,235. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint Opulent filed in the U.S. District Court for the Eastern District of Texas, E.D. Tex. Dkt. 1.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Amended Complaint Opulent filed in the U.S. District Court for the Eastern District, E.D. Tex. Dkt. 19.

4. Ya Ya moved to transfer venue of the Texas case to the Central District of California, which is the District in which Ya Ya is formed and does business. The Texas Court granted Ya Ya's motion. Attached hereto as **Exhibit C** is a true and correct copy of Transfer Order issued by the U.S. District Court for the Eastern District of Texas, E.D. Tex. Dkt. 41, transferring the case from Texas to the Central District of California.

5. On August 24, 2022, Opulent filed suit against Ya Ya in the U.S. District Court for the Middle District of Florida, alleging trademark and trade dress claims for the sale of certain cake and bakery stands by Ya Ya's supplier and distributor. Attached hereto as **Exhibit D** is a true and correct copy of the Complaint Opulent filed in the U.S. District Court for the Middle District of Florida, M.D. Fla. Dkt. 1. In the Florida case, Opulent added copyright infringement claims and named other defendants that Opulent alleged were Ya Ya's distributors of the accused products. The trademarks at issue in the Florida case are also at issue in the present case, namely, U.S. Trademark Registration Nos. 4,733,374, 4,729,340, 4,729,341 and 5,912,235. The copyright registrations at issue in the Florida case are also at issue in the present case, namely U.S. Copyright Registration Nos. VA 2-299 360, VA 2-299-364, VA 2-299-366, VA 2-298-980, VA 2-304-222, VA 2-308-419, VA 2-309-157, and VA 2-315-469.

6. Ya Ya moved to transfer venue of the Florida case to the Central District of California, which again is the District in which Ya Ya is formed and does business. The Florida Court granted Ya Ya's motion. Attached hereto as **Exhibit E** is a true and correct copy of the

Transfer Order issued by the U.S. District Court for the Middle District of Florida, transferring the case from Florida to the Central District of California, M.D. Fla Dkt. 58.

7. On August 29, 2022, Ya Ya filed a declaratory judgment action against Opulent in the U.S. District Court for the Central District of California, which was assigned Case No. 2:22-cv-06137-SSS-JC ("Declaratory Judgment Action"). The copyright registrations at issue in the Declaratory Judgment Action are also at issue in the present case, namely U.S. Copyright Registration Nos. VA 2-299 360, VA 2-299-364, VA 2-299-366, VA 2-298-980, VA 2-304-222, and VA 2-308-419. Attached hereto as **Exhibit F** is a true and correct copy of the Docket for the Declaratory Judgment Action Ya Ya filed in the Central District of California.

8. Attached hereto as **Exhibit G** is a true and correct copy of the Complaint in the Declaratory Judgment Action.

9. Attached hereto as **Exhibit H** is a true and correct copy of the Docket for the case transferred from Florida to the Central District of California, assigned Case No. 2:22-cv-02616-SSS-JC.

10. The Central District of California consolidated the cases. Attached hereto as **Exhibit I** is a true and correct copy of the Order of Consolidation and Pretrial Scheduling for Case Nos. 2:22-cv-02616-SSS-JC and 2:22-cv-06137-SSS-JC, Dkt. 293, issued on August 29, 2023.

11. After the Florida case was transferred to California and consolidated with the Declaratory Judgment Action, the Florida case number was closed by the judge assigned to the California action. The consolidated California cases are currently pending and scheduled for trial on September 23, 2024.

12. The same counsel represents Opulent in the Texas and Florida cases (which were transferred and consolidated in California), in the Declaratory Judgment Action, and in this case – Boies Schiller Flexner LLP in San Francisco and Los Angeles, California.

13. The same counsel represents Ya Ya in the Texas and Florida cases (which were transferred and consolidated in California) and in the Declaratory Judgment Action - Karish & Bjorgum in Pasadena, California. Neither me nor anyone else at my firm was given prior notice of the *Ex Parte* Application for Temporary Restraining Order ("TRO"), of the issuance of the TRO by this Court, or of the service of the TRO on Ya Ya's primary payment vendor, Shopify. Further, because the TRO was filed under seal, Ya Ya does not have a copy of the TRO. At no time has anyone from the Boies Schiller Flexner law firm provided me or Ya Ya with a copy of the TRO.

14. The Complaint in the present case attaches Schedule A, which purports to identify the Defendants. Schedule A is currently under seal. On November 3, 2023, I sent an email to the Boies Schiller Flexner law firm requesting a copy of Schedule A. Attached hereto as **Exhibit J** is a true and correct copy of my email to the Boies Schiller Flexner law firm. To date, I have not received a response from anyone at the Boies Schiller Flexner firm about Schedule A.

15. On November 6, 2023, I sent emails to the Boies Schiller Flexner firm informing them of this motion and asking them if Opulent objected to the motion. Genesis Shin, an associate at Boies Schiller Flexner, responded and stated that her firm would file a notice of dismissal and lift any restraints on Ya Ya's Shopify websites (i.e., efavormart.com and tableclothsfactory.com). A true and correct copy of my November 6, 2023, email chain with the Boies Schiller Flexner firm is attached hereto as **Exhibit K**.

16. On November 3, 2023, I contacted Shopify about the disablement of Ya Ya's Shopify account and asked for a copy of the TRO. To date, Shopify has neither responded to my email nor provided me with a copy of the TRO.

17. On November 8, 2023, Mitchel Su, who is Ya Ya's owner, and I received an email from a Shopify representative stating that any communications about the restrictions "will need to be sent directly to Stripe." Attached hereto as **Exhibit L** is a true and correct copy of the November 8, 2023, email chain containing those communications.

18. On November 9, 2023, I emailed Ms. Shin again and asked for Opulent's help to lift the restraints, including contacting third party vendors like Shopify and Stripe that were still operating under the TRO and refusing to set Ya Ya's accounts free. Ms. Shin replied that she is unaware of any restraints on Ya Ya's accounts, but that Boies Schiller Flexner would try to help in contacting the third parties where requested. Ms. Shin made no statement concerning how quickly her firm would provide this assistance. A true and correct copy of the November 9, 2023, email exchange is attached as **Exhibit M**. To date the Shopify and Stripe accounts are still restrained due to the TRO.

19. Opulent has been aware that Ya Ya Creations owns the websites efavormart.com and tableclothsfactory.com since at least as early as August 17, 2021, when it filed its original complaint against Ya Ya Creations. Attached hereto as **Exhibit N** is a true and correct copy of the second amended complaint filed by Opulent against Ya Ya Creations in case number 2:22-cv-02616, pending in the United States District Court for the Central District of California. Discovery in that case was completed in January 2023 and Opulent repeatedly verified that Ya Ya Creations owns the websites efavormart.com and tableclothsfactory.com.

20. Attached as **Exhibit O** is a true and correct copy of the following article: Goldman, Eric, *A SAD New Category of Abusive Intellectual Property Litigation* (February 5, 2023), Columbia Law Review Forum (2023 Forthcoming), Santa Clara Univ. Legal Studies Research Paper No. 4381824, available at SSRN: https://ssrn.com/abstract=4381824 or http://dx.doi.org/10.2139/ssrn.4381824 (last visited on 11/5/2023).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on November 10, 2023 in Pasadena, California.

By: /s/ Marc A. Karish

Marc Karish
KARISH & BJORGUM, PC
119 E. Union Street, Suite B
Pasadena, CA 91104
213-785-8071
marc.karish@kb-ip.com

SMRH:4884-2447-7070.6

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 10, 2023, he caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court and served on all counsel of record.

        Respectfully submitted,

        /s/ *Bradley C. Graveline*
        Bradley C. Graveline (ARDC No. 6203817)
        Sheppard Mullin Richter & Hampton LLP
        321 N. Clark St., 31st Floor
        Chicago, IL  60654
        312-499-6300
        bgraveline@sheppardmullin.com