# EXHIBIT B

**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **OPULENT TREASURES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**YA YA CREATIONS, INC.**<br><br>Defendant. | **Civil Action No.:** 2:21-cv-00313-JRG<br>**JURY TRIAL DEMANDED** |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff Opulent Treasures, Inc. ("Opulent" or "Plaintiff") files this First Amended Complaint for damages and injunctive relief against Defendant Ya Ya Creations, Inc. ("Ya Ya").

## <u>NATURE OF THE ACTION</u>

1.     This is a civil action for trade dress infringement, trade dress dilution, false designation of origin, unfair competition, unjust enrichment, and request for injunctive relief arising out of Defendant's unauthorized and infringing use of Opulent's trade dress for cake stands and other décor items. As described more fully below, upon information and belief, Defendant has knowingly, willfully, or intentionally infringed Opulent's trade dress, damaged Opulent's business reputation, and subjected Opulent to unfair competition, lost profits, and other monetary damages. The infringement is ongoing, causing Opulent to suffer irreparable harm.

2.     Opulent sues under the Lanham Act, including 15 U.S.C. §§ 1114(1) and 1125(a) and (c) *et seq.*(Infringement, False Designation of Origin, Unfair Competition and Dilution); 15 U.S.C. § 1116 (Injunctive Relief), 15 U.S.C § 1117 (Attorney's Fees and Treble Damages), 15 U.S.C. § 1118, the Texas Business and Commerce Code § 16 *et seq.*, and common law.

## PARTIES

3.      Opulent is a corporation organized and existing under the laws of the state of California, with its principal place of business in El Segundo, California. It sells its products through its website www.opulentreasures.com as well as through other e-commerce platforms including Amazon.com, Wayfair.com, WalMart.com, and eBay.com. It also sells its products to leading retail stores such as TJX Corp., including its affiliates Home Goods, TJ Maxx, Marshalls, Winners, Home Sense Canada and TK Maxx Europe. Opulent is and has been marketing and selling Opulent's Designs[1] in Texas and throughout the United States in interstate commerce continuously.

4.      On information and belief, Defendant Ya Ya is a California corporation with its principal place of business at 13155 Railroad Ave., City of Industry, California 91746.

5.      On information and belief, Defendant Ya Ya operates affiliated websites www.efavormart.com and www.tableclothsfactory.com.

6.      Defendant is the manufacturer, seller, or distributor of cake stands and other décor items which are infringing on Opulent's Designs.

7.      Defendant sells its infringing products in Texas and throughout the United States.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over all aspects of this action under 15 U.S.C. § 1051 et seq. ("Lanham Act") and 28 U.S.C. §§ 1331, 1337, and 1338.

9.      This Court has pendent jurisdiction over the Texas statutory and common law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the other claims in the

---

[1] Opulent's Designs mean federally and common law protected trade dresses which Defendant infringes.

action over which the Court has original jurisdiction that they form part of the same case or controversy.

10.    This Court has personal jurisdiction over Defendant through Defendant transacting, doing, and soliciting business in this District, because a substantial part of the relevant events occurred in this District, and because Defendant has infringed, contributed to the infringement of, or actively induced others to infringe Opulent's Designs in this District. Defendant continues to infringe, contributes to the infringement of, or actively induces others to infringe Opulent's Designs in this District. Defendant has purposefully availed itself of the privilege of doing business in this District and directed its conduct into this District because Defendant conduct continuous and systematic business in this District, placed infringing products in the stream of commerce directed to residents of this District, derived commercial benefits from the sale of infringing products and caused injuries to Opulent within the Eastern District of Texas. Defendant operates websites accessible by Internet users in this District and offer its services and products to residents of Texas and this judicial District. The infringing products that Defendant advertises and offers, and make available to purchasers through its websites, are able to be ordered by and shipped to purchasers in Texas. Because the Defendant voluntarily engaged in tortious acts in Texas and made purposeful contacts with Texas, the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

11.    Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(a) because Defendant transact business in this District, a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, Opulent has been injured in this judicial District, and, under 28 U.S.C. § 1400(b), Defendant committed acts of infringement in this judicial District.

## FACTS SUPPORTING CLAIMS

### A. The Opulent Brand and Opulent Trade Dress

12.     Since 1995, Opulent has been engaged in the design, distribution, marketing, offering for sale, and sale of elegantly and uniquely crafted entertainment and home décor pieces, including, but not limited to, chandelier dessert stands, candelabras, and lamps. In creating its products, Opulent has always sought to add charm, elegance, and stunning beauty to each customer's special occasions and celebrations.

13.     Opulent is the creator of the "Chandelier Cake Stand," "Chandelier Cupcake Holder," "Chandelier Candle Holder" and many other distinct trade dresses, all protected under federal or common trademark law (collectively "Opulent's Trade Dress"). These products did not exist before Opulent introduced them to the marketplace.

14.     Since its founding, the popularity of Opulent's Trade Dress has steadily grown throughout the United States. Its unique decorative pieces are coveted by wedding and event planners as well as individual consumers looking to bring a sophisticated look to their events, gatherings, and homes.

15.     In recent years, Opulent's commitment to quality and beauty has helped propel the Opulent Treasures® brand to an overwhelming level of popularity among consumers. After more than twenty years of business, Opulent's loyal customer base spans not only across the United States, but the entire globe.

16.     In fact, just through the trend-ideas sharing website, www.Pinterest.com, Opulent's "pins" have engaged with nearly thirty million individuals. Additionally, Opulent has received unsolicited media attention several times from outlets including Romantic Homes, Buzzfeed, Prime Living, C Magazine, U.S. Weekly, among others. Opulent's products have also been

featured on multiple television networks, including QVC, Bravo, Nickelodeon, HGTV, as well as on programs such as the Today Show, The Real Housewives, Keeping Up with The Kardashians, and Vanderpump Rules.

17.     At first serving specialty stores, boutiques, and event planners, Opulent has grown into a multi-million-dollar business, shipping up to 40,000 pieces per month, and experiencing sales around $3 million per year via TJX Corp., including its affiliates Home Goods, TJ Maxx, and Marshalls.

18.     Opulent's products are distributed and sold to consumers through authorized retailers throughout the United States, including Texas, at point-of-sale on the Internet (e-commerce platforms such as Wayfair, Houzz, Amazon, and QVC), and through its own website www.opulenttreasures.com.

19.     Opulent has also been enrolled on the Amazon Brand Registry since June 2017 to identify its registrations and trademark rights.

20.     Opulent has acquired trade dress rights under the Lanham Act, as well as under state statutory and common law, in the overall look, design, arrangement, and appearance of its cake stands and other décor items.

21.     In connection with some of its best-selling products, Opulent has used a variety of legally protected trademarks on and in connection with the advertisement and sale of its products, including, but not limited to, those detailed in this First Amended Complaint.

22.     Opulent owns trademarks for Opulent's dessert table, tiered dessert stand, and candelabra which are registered in the U.S. Trademark Office (Reg. Nos. 5,912,235; 4,729,340; 4,729,341; and 4,733,374) (collectively, "Opulent's 3D Marks").

23.     Opulent also owns a literary mark for OPULENT TREASURES® (Reg. No. 4,381,949).

24.     Opulent's 3D Marks are identified and described below in **Table 1**, below. The designs depicted below consist of non-functional design elements, are not essential to the use or purpose of the products, do not affect their cost or quality, and are not the reason the products work. Moreover, the ornamental aspects of the arrangement and combination of the features are arbitrary and non-functional.

| REG. NUMBER | TRADEMARK | REG. DATE | FIRST USE IN COMMERCE | GOODS |
|---|---|---|---|---|
| 5,912,235 (Principal Reg.) |  | November 19, 2019 | August 2006 | IC 021: Dessert serving trays, tiered serving trays for domestic purposes; tiered tray serving platters |
| 4,729,340 (Supplemental Reg.) |  | April 28, 2015 | August 2006 | IC 021: Dessert serving trays, tiered serving trays for domestic purposes; tiered tray serving platters |
| 4,729,341 (Supplemental Reg.) |  | April 28, 2015 | August 2006 | IC 020: Tables, Display tables, tables for displaying desserts |

| 4,733,374 (Supplemental Reg.) | | May 5, 2015 | August 2006 | IC 021: Candle holders; Non-electric candelabras |
| --- | --- | --- | --- | --- |

25.      Opulent is the exclusive licensee of Opulent's Designs and Opulent's 3D Marks. The key to Opulent's success is the high quality and reputation of its products, which are closely associated by the public with Opulent's Designs. Opulent has used Opulent's Designs continuously as the main identifier of its elegant and distinct décor pieces.

26.      Opulent has extensively and continuously promoted and used its trade dress designs for years in the United States and in Texas, and as explained in more detail below, has acquired trade dress rights in its famous designs. In connection with marketing and selling Opulent's Designs, Plaintiff has extensively used, displayed, and advertised the non-functional features of the Opulent's Designs that comprise the trade dresses of said designs. In the minds of the public, the primary significance of these non-functional and distinctive features is to identify the source of the product, and Opulent Designs have acquired secondary meaning. The distinctive and non-functional features also identify that the product is reliable and of the high quality associated with Opulent.

27.      Opulent's products, depicted in **Table 2** below, are Opulent's most recognizable trade dresses. For example, one of the most iconic is "Chandelier Cake Stand," federally protected by U.S. Reg. No. 5,912,235. Said Chandelier Cake Stand consists of a decorative display table embodying these features: ornate paneling surrounding the circumference of the tabletop; beads

and crystals encircling the table and dangling from the ornate paneling; and a multi-grooved fluted base. The ornate paneling with or without jewels that is part of Opulent's chandelier design is what makes Opulent's trade dress recognizable to consumers. Customer's associate this distinctive design with Opulent's recognized quality.



Chandelier Round Cake Stand
Reg No. 5,912,235

Chandelier Square Cake Stand

Chandelier Candle Holder
Reg No. 4,733,374

Chandelier Cupcake Stand
Reg No. 4,729,340

28.     Additionally, Opulent's Designs have become famous and a well-known indicator of the origin and quality of Opulent's décor products. As explained above, Opulent has used, promoted, marketed, and made significant sales of its designs.

29.     Attached as Exhibit A is a copy of the Certificates of Registration for Opulent's 3D Marks and OPULENT TREASURES® literary mark along with a current printout of the electronic status page for these registrations downloaded from the USPTO database at http://tsdr.uspto.gov.

30.     Opulent is an applicant in two applications pending on the USPTO's Principal Register for Opulent's Chandelier Cupcake Stand and Chandelier Candle Holder, Serial Nos. 90830532 and 90839684, respectively.

31.     According to 15 U.S.C. §§ 1115(a) and 1057(b), Opulent's U.S. Reg. No. 5,912,235 is prima facie evidence of the validity of the Opulent's trade dress in Opulent's Chandelier Cake Stand.

32.     According to 15 U.S.C. §§ 1115(a) and 1057(b), Opulent's Chandelier Cake Stand registration is prima facie evidence of Opulent's ownership of the Opulent trade dress.

33.     According to 15 U.S.C. §§ 1115(a) and 1057(b), Opulent Chandelier Cake Stand registrations is prima facie evidence of Opulent's exclusive right to use the Opulent trade dress in the United States commerce.

34.     Together with the rights granted by Opulent's 3D Marks, Plaintiff has strong common law rights in its trade dresses (the Opulent's Designs depicted in **Illustration 1**) through its extensive use and promotion of them in commerce. Opulent is and has been marketing and selling the Opulent's Designs in Texas and in this District at hundreds of brick-and-mortar locations in Texas and across the United States such as TJ Maxx, Home Goods, Marshalls, and

through e-commerce distributors. Opulent has also been diligent in protecting and enforcing Opulent's Designs.

35.     Opulent's Designs serve as a unique source identifier for Opulent's products. Opulent prominently uses and displays its federally registered OPULENT TREASURES® Mark on its décor pieces including product packaging, point-of-sale displays, and on Plaintiff's advertising, promotional materials, and website (including social media).

36.     Opulent has invested time, effort, and hundreds of thousands of dollars in marketing to build the fame, reputation, and goodwill of Opulent's Designs.

37.     Opulent's Designs are distinctive designations of the source of origin of its products.

38.     Opulent's Designs are uniquely associated with Plaintiff and its high-quality goods. These trade dresses are assets of incalculable value as symbols of Opulent, its quality of goods and its goodwill. These trade dresses have acquired secondary meaning and have become famous in the United States, in Texas, and in this District.

39.     Opulent's Designs are well-known and were well-known *before* Defendant's infringement began.

40.     As a result of Opulent's extensive advertising and promotional efforts and its continuous use, Opulent's Designs are distinctive and widely recognized by the relevant consuming public of Texas and the United States as a designation of source of the involved goods. As a result, Opulent owns federal, common law, and statutory trade dress rights in ornamental design and appearances of all Opulent's Designs.

<u>**DEFENDANT'S INFRINGEMENT OF OPULENT'S DESIGNS**</u>

41.     Defendant has purposefully offered for sale, sold, distributed, imported and/or re-sold, advertised, marketed, or promoted, and continue to offer for sale, sells, distributes, imports and/or re-sells, advertises, markets, or promotes household products known as: CHDLR_045_GOLD;          CHDLR_046_GOLD;          CHDLR_CAKE02_GOLD; CHDLR_CAKE01_GOLD;   CHDLR_CAKE03_GOLD;   CHDLR_CAKE04_GOLD;   and CHDLR_CAKE05_8_GOLD; ("the Accused Products")[2] that are confusingly similar to, and dilute, Opulent's Designs. Defendant uses Opulent's Designs in commerce without Opulent's authorization. Furthermore, in an unsophisticated manner, Defendant has combined elements from several of Opulent's Designs or arranged Opulent's Designs in new a configuration to conceal flagrant infringement.

42.     The confusing similarity between the Opulent Designs (right) and Accused Products (left) is shown, for example, in **Illustration 1** below:

| ACCUSED PRODUCTS | OPULENT'S DESIGNS |
|---|---|
|  | |
| | Reg No.: 5,912,235 |

---

[2] Product numbers for known color variations of the Accused Products are listed within Illustration 1.

| ACCUSED PRODUCTS | OPULENT'S DESIGNS |
|---|---|
| CHDLR_045_GOLD, CHDLR_045_SILV, CHDLR_045_054 | |
| <br><br>CHDLR_046_GOLD, CHDLR_046_SILV, CHDLR_046_054 |  |
| <br><br>CHDLR_CAKE02_GOLD, CHDLR_CAKE02_SILV, CHDLR_CAKE02_054, CHDLR_CAKE02_WHT | <br> |

| | OPULENT'S DESIGNS |
|---|---|
| <br><br>CHDLR_CAKE01_GOLD,<br>CHDLR_CAKE01_054,<br>CHDLR_CAKE01_WHT | <br> |
|  |  |

| ACCUSED PRODUCTS | OPULENT'S DESIGNS |
|---|---|
|  CHDLR_CAKE03_GOLD, CHDLR_CAKE03_WHT, CHDLR_CAKE03_BLK, CHDLR_CAKE03_SILV, CHDLR_CAKE03_054 |  |
|  CHDLR_CAKE05_8_GOLD, CHDLR_CAKE05_8_SILV, CHDLR_CAKE05_8_WHT, CHDLR_CAKE05_8_054 |  |

| ACCUSED PRODUCTS | OPULENT'S DESIGNS |
|---|---|
|  | |

CHDLR_CAKE04_WHT;
CHDLR_CAKE04_GOLD

43.     According to its website(s), Defendant supplies home décor and wholesale party supplies for events. Upon information and belief, Defendant, or its affiliates, imports and/or re-

sells the Accused Products into the United States and distributes them to retail stores across the country, including to stores in the Eastern District of Texas. At such stores, the Accused Products are advertised, promoted, offered for sale, and sold. Upon information and belief, customers have bought the Accused Products from one or more stores to which Defendant directly or through the third party distributes the Accused Products.

44.     The Accused Products also are advertised, promoted, offered for sale, sold, and transported to customers across the United States, including throughout the Eastern District of Texas, through the websites www.Efavormart.com and www.Tableclothsfactory.com that Defendant operates. Upon information and belief, Defendant has done business with customers in, and with residents of, this judicial district through its websites. For example, upon information and belief, customers in this judicial district have purchased the Accused Products from www.Efavormart.com and www.Tableclothsfactory.com and have had the Accused Products shipped to this judicial district. Furthermore, www.Efavormart.com and www.Tableclothsfactory.com are highly interactive. For instance, the websites allow online customers to create and store an online profile, purchase products (e.g., the Accused Products), input personal information (e.g., name, address, and phone number), input credit card information to pay for products, and chat with the Defendant's Customer Support Center. Under the authority of Defendant, the Accused Products are advertised, promoted, offered for sale, sold, and transported to customers across the United States, including throughout the Eastern District of Texas, through third-party websites such as www.amazon.com, www.ebay.com, www.wayfair.com, www.sears.com, www.kmart.com, www.walmart.com, www.pinterest.com, www.facebook.com, www.linkedin.com, www.instagram.com, www.youtube.com, and www.etsy.com which are also interactive websites.

45.     Defendant is not licensed to use Opulent's Designs and have no other affiliation with Opulent. Defendant is also a direct competitor with Opulent in the selling of home décor pieces.

46.     Defendant's intentional conduct is likely to cause confusion, to cause mistake, or to deceive the public and the trade by causing consumers to believe that Defendant's products originate with, or relate to, Opulent's goods, or are licensed by, sponsored or approved by, connected with, or associated with Opulent.

47.     Before filing its Original Complaint, Opulent informed Defendant that Defendant was infringing Opulent's trademark rights and demanded that Defendant stops using Opulent Designs.

48.     Defendant refused to comply with Opulent's demand and continued their infringing activities by distributing, selling, and promoting their Accused Products. Thus, Defendant's continued use of Opulent's Designs constitute intentional and willful infringement of Opulent's Designs.

49.     Defendant's use of Opulent's Designs has caused, and will continue to cause, harm to Plaintiff.

50.     As discussed below, through these activities related to the Accused Products, Defendant infringes Opulent's trade dress rights, engages in unfair competition against Opulent, is unjustly enriched at Opulent's expense, and engages in misappropriation.

## COUNT I
### (*Federal Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)*)

51.     All of the above paragraphs are incorporated by reference as if fully restated.

52.     Opulent's 3D Marks are inherently distinctive and continue to acquire substantial distinctiveness and goodwill in the marketplace through Opulent's use of those trade dresses in

commerce. As a result of Opulent's widespread and continuous use of its trade dresses, Opulent's 3D Marks have become associated in the minds of the relevant purchasing public with Opulent. The reputation and goodwill that Opulent has built up in Opulent's 3D Marks is of great value to Opulent.

53.     In particular, Defendant's use of Chandelier Cake Stand which U.S. Registered mark, Reg. No. 5,912,235 as described above, unless enjoined by the Court, is likely to cause confusion with, or to cause mistake or deceive consumers as to the origin, sponsorship, or approval of, Defendant's services, products, and related commercial activities, or Opulent's services, products, and commercial activities, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.     Defendant's infringement of Opulent's Chandelier Cake Stand mark, and the Defendant's other actions as pleaded above, are willful, intentional, and deliberate.

55.     Defendant's unlawful conduct has caused and will continue to cause substantial injury to the public and to Opulent.

56.     The intentional and knowing nature of Defendant's trademark infringement renders this case an exceptional case, entitling Opulent to an award of costs and reasonable attorney's fees under 15 U.S.C. § 1117(a).

57.     Opulent has no adequate remedy at law.

58.     By its conduct, Defendant has violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.     Opulent has a right to recover Defendant's profits, damages sustained by Opulent in an amount to be proven at trial, enhanced damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114 and 1117.

## COUNT II
### *(Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))*

60.     All of the above paragraphs are incorporated by reference as if fully restated.

61.     Defendant's advertisements, promotions, offers to sell, sales, distribution, manufacture, importing and/or re-selling of the Accused Products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing Opulent's Designs. The trade dress of the Accused Products is confusingly similar to Opulent's Designs. Defendant's use of Opulent's Designs in the Accused Products is likely to cause confusion as to the affiliation, connection, or association of Defendant with Opulent as to the origin, sponsorship, or approval of the Accused Products, at least by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent.

62.     Opulent's Designs are entitled to protection under the Lanham Act. Opulent's Designs include unique, distinctive, and non-functional designs. Opulent has extensively and continuously promoted and used its trade dresses in the United States. Through that extensive and continuous use, Opulent Designs have become a well-known indicator of the origin and quality of Opulent's products, and Opulent's Designs have acquired substantial secondary meaning in the marketplace.

63.     Moreover, Opulent's Designs acquired this secondary meaning before Defendant began its unlawful use of Opulent's Designs in connection with the Accused Product. Opulent used its trade dresses extensively and continuously before Defendant began advertising, promoting, selling, offering to sell, distributing, importing and/or re-selling the Accused Products. Opulent's Designs acquired secondary meaning in the United States, in Texas generally, and in the Eastern District of Texas before Defendant started unlawful use of Opulent's Designs.

64.     Defendant's use of Opulent's Designs has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Opulent for which Opulent has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs, with Opulent, and Opulent's products. Additionally, Defendant's use of Opulent's Designs has caused injury to Opulent in the form of lost sales because some customers that would have bought Opulent's Designs have bought and will buy Defendant's Accused Products instead.

65.     On information and belief, Defendant's use of Opulent's Designs has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to Opulent's Designs, as shown by, for example, **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

66.     Opulent is entitled to injunctive relief, and Opulent has a right to recover at least Defendant's profits, Opulent's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III
### (Common Law Trade Dress Infringement)

67.     All of the above paragraphs are incorporated by reference as if fully restated.

68.     Defendant's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, importing and/or re-selling of the Accused Products, in direct competition with Opulent, constitute common law trade dress infringement, because Defendant's use of Opulent's Designs is likely to cause consumer confusion as to the origin or sponsorship or affiliation of the Accused Products by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent.

69.     Opulent's Designs are entitled to protection under the common law. Opulent's

Designs includes unique, distinctive, and non-functional designs. Opulent has extensively and continuously promoted and used its trade dresses in the United States and Texas. Through that extensive and continuous use, Opulent's Designs have become a well-known indicator of the origin and quality of Opulent's products, and Opulent's Designs have acquired substantial secondary meaning in the marketplace. Moreover, Opulent's Designs acquired this secondary meaning before Defendant began their unlawful use of Opulent's Designs in connection with the Accused Products.

70.     Defendant's use of Opulent's Designs has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Opulent for which Opulent has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs, with Opulent, and Opulent's products. Additionally, Defendant's use of Opulent's Designs has caused injury to Opulent in the form of lost sales because some customers that would have bought Opulent's Designs have bought and will buy Defendant's Accused Products instead.

71.     On information and belief, Defendant's use of Opulent's Designs has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to Opulent's Designs, as shown in, for example, **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

72.     Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at least Opulent's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

### <u>COUNT IV</u>
*(Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))*

73.     All of the above paragraphs are incorporated by reference as if fully restated.

74.    Based on the activities described above, including, for example, Defendant's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, importing and/or re-selling the Accused Products, Defendant has diluted, are diluting, and will likely continue to dilute Opulent's famous trade dresses in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations, is likely to cause, and has caused, dilution of Opulent's famous trade dresses, at least by eroding the public's exclusive identification of Opulent's famous trade dresses with Opulent and Opulent's products, by lessening the capacity of Opulent's famous trade dresses to identify and distinguish Opulent's products, by associating Opulent's Designs with products of inferior quality, and by impairing the distinctiveness of Opulent's famous trade dresses.

75.    Opulent's Designs are famous and are entitled to protection under the Lanham Act. Opulent's Designs include unique, distinctive, and non-functional designs. Opulent's Designs have acquired distinctiveness through Opulent's extensive and continuous promotion and use of Opulent's Designs in the United States. Through that extensive and continuous use, Opulent's Designs have become a famous well-known indicator of the origin and quality of Opulent's products throughout the United States and is widely recognized by the general consuming public as a designation of the source of Opulent's products. Opulent's Designs have also acquired substantial secondary meaning in the marketplace. Moreover, Opulent's Designs became famous and acquired this secondary meaning before Defendant began its unlawful use of Opulent's Designs in connection with the Accused Products.

76.    Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations, has caused, and, unless enjoined, will continue to

cause, substantial and irreparable injury to Opulent for which Opulent has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs, with Opulent, and with Opulent's Designs.

77.     On information and belief, Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations, has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Product to Opulent's Designs, as demonstrated in, for example, **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

78.     Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at least Defendant's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

## <u>COUNT V</u>
### *(Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103)*

79.     All of the above paragraphs are incorporated by reference as if fully restated.

80.     Based on the activities described above, including, for example, Defendant's advertising, promoting, offering to sell, selling, distributing, manufacturing, importing and/or re-selling the Accused Products, Defendant has diluted, is diluting, and will likely continue to dilute Opulent's Design in violation of § 16.103 of the Texas Business & Commerce Code. Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations, is likely to cause, and has caused, dilution of Opulent's famous trade dress at least by eroding the public's exclusive identification of Opulent's famous trade dress with Opulent, by lessening the capacity of Opulent's famous trade dress to identify and distinguish Opulent's products, by associating Opulent's Designs with products of inferior quality, and by impairing the distinctiveness of Opulent's famous trade dress.

81.     Opulent's Designs are famous and are entitled to protection under Texas law. Opulent's Designs include unique, distinctive, and non-functional designs. Opulent has extensively and continuously promoted and used its trade dresses in the United States and in the State of Texas. Through that extensive and continuous use, Opulent's Designs have become a famous and well-known indicator of the origin and quality of Opulent's products in the United States, and in the State of Texas generally and in specific geographic areas in Texas. Opulent's Designs are widely recognized by the public throughout Texas and in specific geographic areas in Texas as a designation of the source of Opulent and its products. Opulent's Designs also have acquired substantial secondary meaning in the marketplace, including in Texas and in geographic areas in Texas. Moreover, Opulent's Designs became famous and acquired secondary meaning before Defendant started its unlawful use of Opulent's Designs in connection with the Accused Products.

82.     Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations, has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Opulent for which Opulent has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs and with Opulent.

83.     On information and belief, Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to Opulent's Designs, as shown by, for example, **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

84.     Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at

least Defendant's profits, actual damages, enhanced profits, and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## COUNT VI
### (Unfair Competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

85.     All of the above paragraphs are incorporated by reference as if fully restated.

86.     Defendant's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, importing and/or re-selling of the Accused Products, in direct competition with Opulent, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition because Defendant has obtained an unfair advantage as compared to Opulent through Defendant's use of Opulent's Designs and because such uses are likely to cause consumer confusion as to the origin or sponsorship or affiliation of Defendant's Accused Product, at least by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent. Defendant's tortious activities have interfered with Opulent's ability to conduct its business.

87.     Opulent's Designs are entitled to protection under the Lanham Act. Opulent's Designs includes unique, distinctive, and non-functional designs. Opulent has extensively and continuously promoted and used its trade dresses in the United States. Through that extensive and continuous use, Opulent's Designs has become a well-known indicator of the origin and quality of Opulent's products. Opulent's Designs have acquired substantial secondary meaning in the marketplace. Moreover, Opulent's Designs acquired this secondary meaning before Defendant started their unlawful use of Opulent's Designs in connection with the Accused Products.

88.     Defendant's use of Opulent's Designs has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Opulent for which Opulent has no adequate

remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs, with Opulent, and Opulent's products. Additionally, Defendant's use of Opulent's Designs has caused injury to Opulent in the form of lost sales because some customers that would have bought Opulent's Designs have bought and will buy Defendant's Accused Products instead.

89.     On information and belief, Defendant's use of Opulent's Designs has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to Opulent's Designs, as shown by, for example, **Illustration 1** above, and by Defendant's continuing disregard Opulent's rights.

90.     Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at least Defendant's profits, Opulent's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT VII
### *(Common Law Unfair Competition)*

91.     All of the above paragraphs are incorporated by reference as if fully restated.

92.     Defendant's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, importing and/or re-selling of the Accused Products, in direct competition with Opulent, constitute common law unfair competition by palming off and passing off of Defendant's goods, by simulating Opulent's Designs in an intentional and calculated manner likely to cause consumer confusion as to origin or sponsorship or affiliation of the Accused Products, by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent. Defendant's tortious activities have interfered with Opulent's ability to conduct its business.

93.     Opulent's Designs are entitled to protection under the common law. Opulent's

Designs include unique, distinctive, and non-functional features and are inherently distinctive. Opulent has extensively and continuously promoted and used Opulent's Designs for years in the United States and Texas. Through that extensive and continuous use, Opulent's Designs have become a well-known indicator of the origin and quality of Opulent's products, and Opulent's Designs have acquired substantial secondary meaning in the marketplace. Moreover, Opulent's Designs acquired this secondary meaning before Defendant began their unlawful use of Opulent's Designs in connection with the Accused Product.

94.     On information and belief, Defendant's use of Opulent's Designs has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Opulent for which Opulent has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs, with Opulent, and Opulent's products. Additionally, Defendant's use of Opulent's Designs has caused injury to Opulent in the form of lost sales because some customers that would have bought Opulent's Designs have bought and will buy Defendant's Accused Products instead.

95.     On information and belief, Defendant's use of Opulent's Designs has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to Opulent's Designs, as shown by, for example, **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

96.     Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at least Opulent's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

<u>**COUNT VIII**</u>
*(Unjust Enrichment)*

97.     All of the above paragraphs are incorporated by reference as if fully restated.

98.     Defendant's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, importing and/or re-selling of the Accused Products, in direct competition with Opulent, constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at Opulent's expense. Defendant has also, among other things, operated with an undue advantage.

99.     Opulent created the products covered by Opulent's Designs through extensive time, labor, effort, skill, and money. Defendant has wrongfully used and is wrongfully using Opulent's Designs in competition with Opulent and has gained a wrongful benefit by undue advantage through such use. Defendant has not been burdened with the expenses incurred by Opulent, yet Defendant is obtaining the resulting benefits for its own business and products.

100.     Opulent's Designs are entitled to protection under the common law. Opulent's Designs includes unique, distinctive, and non-functional features. Opulent has extensively and continuously promoted and used its trade dresses for years in the United States and Texas. Through that extensive and continuous use, Opulent's Designs have become a well-known indicator of the origin and quality of Opulent's products, and Opulent's Designs have acquired substantial secondary meaning in the marketplace. Moreover, Opulent's Designs acquired secondary meaning before Defendant started their unlawful use of Opulent's Designs and colorable imitations of them in connection with the Accused Products.

101.     Defendant's use of Opulent's Designs has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Opulent for which Opulent has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs and with Opulent and Opulent's products. Opulent accumulated this goodwill and reputation through extensive time, labor, effort,

skill, and investment. Defendant has wrongfully obtained and are wrongfully obtaining a benefit at Opulent's expense by taking undue advantage and free riding on Opulent's efforts and investments, and enjoying the benefits of Opulent's hard-earned goodwill and reputation. Additionally, Defendant's use of Opulent's Designs has unjustly taken sales from Opulent because some customers that would have bought Opulent's Designs have bought Defendant's Accused Product instead.

102. On information and belief, Defendant's unjust enrichment at Opulent's expense has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to Opulent's Designs, as shown by, for example, **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

103. Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at least Defendant's profits.

## COUNT IX
### *(Common Law Misappropriation)*

104. All of the above paragraphs are incorporated by reference as if fully restated.

105. Defendant's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, importing and/or re-selling of the Accused Products, in direct competition with Opulent, constitute common law misappropriation.

106. Opulent created the Opulent's Designs covered by Opulent's trade dresses through extensive time, labor, effort, skill, and money. Defendant has wrongfully used Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations of them, in competition with Opulent, and gained a special advantage because Defendant was not burdened with the expenses incurred by Opulent. Defendant has commercially damaged Opulent, at least by causing consumer confusion as to origin or sponsorship/affiliation of the Accused Products

by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent, and by taking away sales that Opulent would have made.

107.    Opulent's Designs are entitled to protection under the common law. Opulent's Designs include unique, distinctive, and non-functional features. Opulent has extensively and continuously promoted and used Opulent's Design for years in the United States and Texas. Through that extensive and continuous use, Opulent's Designs have become a well-known indicator of the origin and quality of Opulent's products. Opulent's Designs have also acquired substantial secondary meaning in the marketplace. Moreover, Opulent's Designs acquired this secondary meaning before Defendant started their unlawful use of Opulent's Designs in connection with the Accused Products.

108.    Defendant's use of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations of them, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Opulent for which Opulent has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Opulent's Designs with Opulent and Opulent's products. Moreover, as a result of their misappropriation, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that Opulent invested in establishing the reputation and goodwill associated with Opulent's Designs with Opulent and Opulent's products.

109.    On information and belief, Defendant's misappropriation of Opulent's Designs, including through counterfeits, reproductions, copies, or colorable imitations of them, has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of

the Accused Products to Opulent's Designs, as shown by, for example **Illustration 1** above, and by Defendant's continuing disregard for Opulent's rights.

110.    Opulent is entitled to injunctive relief, and Opulent is also entitled to recover at least Opulent's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## <u>APPLICATION FOR PERMANENT INJUNCTION</u>

111.    All of the above paragraphs are incorporated by reference as if fully restated.

112.    The harm to Opulent arising from Defendant's acts is not fully compensable by money damages.

113.    On information and belief, Defendant, unless enjoined, will continue to misrepresent to or mislead the public into believing that their products and services are sponsored by, approved by, affiliated with, associated with, or originated by Opulent and infringe the Opulent's Designs by using Opulent's famous trade dress or confusingly similar variations of them to identify Defendant's competitive products. All of these actions violate the Lanham Act.

114.    Under 15 U.S.C. § 1116(a), these actions entitle Opulent to a permanent injunction, upon hearing, enjoining Defendant and its officers, agents, servants, employees, franchisees, and attorneys, and all persons in active concert or in participation with Defendant from:

(a)    Representing Defendant's services are in any way sponsored by, approved by, affiliated with, or originated by Opulent;

(b)    Representing that Defendant is Opulent;

(c)    Using any of the Opulent's Designs or any confusingly similar variation of them, alone or combined with other designs or words, to market, advertise, or identify Defendant's products; and

(d)    Otherwise competing unfairly with Opulent or injuring its business reputation

in any manner.

115.     For these actions, there is no adequate remedy at law. Further, Opulent is substantially likely to prevail on the merits of these claims. The injury to Opulent greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of Opulent. Finally, the injunction will not disserve the public interest. Thus, in addition to monetary relief, Opulent is also entitled to permanent injunctive relief against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Opulent requests that this Court enter judgment in its favor and for relief against Defendant as follows:

A.  That the Court enter judgment that:

1.  Defendant violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

2.   Defendant infringed, engaged in false designation of origin, and unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1);

3.  Defendant engaged in trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

4.   Defendant engaged in trade dress dilution in violation of Texas Business & Commerce Code § 16.103;

5.   Defendant engaged in infringement in violation of the statutory and common law;

6.   Defendant engaged in unfair competition in violation of the common law;

7.   Defendant engaged in misappropriation in violation of the common law; and

8.   Defendant was unjustly enriched.

B.  That the Court issue a permanent injunction restraining and enjoining Defendant, and all of its agents, servants, officers, employees, successors, and assigns, and all other persons or entities in active concert or participation with Defendant from:

1.  Selling, marketing, advertising, importing, or purchasing the counterfeit product (as this term is defined by § 1116(d)) and other Accused Products or colorable imitations thereof;

2.  Using any of Opulent's Designs and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols, or designs, as trademarks, trade names, domain name components or otherwise, to market, advertise, or identify any Defendant's goods or services;

3.  Otherwise infringing on Opulent's Designs;

4.  Diluting Opulent's Designs and/or 3-D Marks;

5.  Representing or taking any other action likely to cause confusion, mistake, or deception on the part of consumers as to the source or origin of Defendant's products or services or as to any authorization, sponsorship, approval, or affiliation relationship between Defendant and Opulent;

6.  Unfairly competing with Opulent in any manner whatsoever or otherwise injuring its business reputation in the manner complained of herein; and

7.  Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (6) above.

8.  In accordance with 15 U.S.C. § 1125(b), issue an order barring importation of the Accused Product and/or colorable imitations thereof into the United States, and barring

entry of the Accused Product and/or colorable imitations thereof into any customhouse of the United States.

C.  That the Court enter an order pursuant to 15 U.S.C. §§ 1116, 1118 requiring Defendant, its agents, servants, officers, employees, successors, and assigns, to destroy all Accused Products or colorable imitations thereof that are in Defendant's possession, custody, or control.

D.  That the Court enter an order, pursuant to 15 U.S.C. § 1116, requiring Defendant to file with the Court and serve upon Plaintiff within 30 days after the entry of each of the preliminary and permanent injunctions a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with Paragraphs B and C, *supra*.

E.  That the Court enter an order pursuant to 15 U.S.C. § 1117 awarding all profits received by Defendant from the sales and revenues of any kind made as a result of Defendant's sales of Accused Products and colorable imitations thereof, and damages, to be determined, that Opulent has suffered as a result of Defendant's sales and marketing of the Accused Products and colorable imitations thereof, and that damages be awarded in an amount sufficient to deter future acts of willful infringement by Defendant.

F.  That the Court enter an order, under the common law of the State of Texas, enjoining Defendant from diluting Opulent's Designs and/or Opulent's 3D Marks.

G.  Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant to identify all third parties to whom Defendant's have represented an ownership, affiliation, association, or sponsorship with the Opulent's Designs or confusingly similar variations of

them and to whom Defendant has distributed any type of materials incorporating the Opulent's Designs or confusingly similar variations of them.

H.  Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant to identify all other websites and marketing materials containing the Opulent's Designs or confusingly similar variations of them.

I.  Order Defendant to immediately recall and sequester inventories of the infringing products, and provide an accounting of all sales, revenues, and profits related to Defendant's products that infringe the Opulent's Designs and/or that are falsely designated as sponsored by, approved by, affiliated with, or associated with Plaintiff.

J.  In accordance with 15 U.S.C. §§ 1117(a), 1116, 1125(a) and Tex. Bus. & Com. Code §16.104, find this case to be exceptional in Opulent's favor and award Plaintiff its reasonable attorney's fees, costs, and expenses of this action.

K.  That the Court enter an order awarding damages and costs to the fullest extent provided for by Texas common law, including punitive damages.

L.  That the Court enter disgorgement of all proceeds, and restitution of all monies received by Defendant as the result of their wrongful conduct.

M.  In the alternative and upon the Opulent's election of remedies, that the Court enter an order awarding maximum statutory damages pursuant to § 1117(c).

N.  That the Court enter an order awarding Opulent pre-judgment and postjudgment interest.

O.  That the Court enter such other damages and relief as it deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


DATED: December 23, 2021                 BROZYNSKI & DALTON PC

                                         By:  */s/ Katarzyna Brozynski*
                                               KATARZYNA BROZYNSKI
                                               State Bar No. 24036277
                                               kasia@bdlegalgroup.com
                                               BART DALTON
                                               Texas Bar No. 24043418
                                               bart@bdlegalgroup.com
                                               ERIC KNUDSEN
                                               Texas Star Bar No. 24120949
                                               eric@bdlegalgroup.com
                                               5700 Tennyson Parkway, Suite 300
                                               Plano, Texas 75024
                                               Telephone:  972.371.0679

                                               Attorneys for PLAINTIFF
                                               OPULENT TREASURES, INC.


## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing document was filed electronically. As such, this document was served on all counsel who are deemed to have consented to electronic service.

        Dated: December 23, 2021           */s/ Katarzyna Brozynski*
                                            Katarzyna Brozynski