# EXHIBIT G

Marc A. Karish (State Bar No. 205440)
Bruce G. Chapman (State Bar No. 164258)
KARISH & BJORGUM, PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
Email: marc.karish@kb-ip.com

Attorneys for Plaintiff
YA YA CREATIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YA YA CREATIONS, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>OPULENT TREASURES, INC., a California Corporation; and DOES 1 to 10, inclusive,<br><br>  Defendants. | Case No. 2:22-cv-6137<br><br>**COMPLAINT FOR:**<br><br>**1. Declaratory Relief (28 U.S.C. §2201);**<br><br>**2. Violation of 18 U.S.C. §512(f);**<br><br>**3. Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.);**<br><br>**4. Intentional Interference with Prospective Economic Advantage**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff YA YA CREATIONS, INC. ("YA YA") seeks a declaration that Plaintiff's cake stand products do not infringe any of U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419 and that all of those copyright registrations are invalid as set forth below.

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement and invalidity arising under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

## PARTIES

2. Plaintiff Ya Ya Creations, Inc. ("Ya Ya") is a corporation duly organized and existing under the laws of the State of California, having an office and place of business at 13155 Railroad Ave., City of Industry, California 91746.

3. On information and belief, Defendant Opulent Treasures, Inc. ("Opulent") is a corporation organized and existing under the laws of the State of California, having an office and place of business at 129 Lomita St. El Segundo, CA 90245.

4. The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues those Defendants by fictitious names. Plaintiff will request leave to amend this Complaint by inserting their true names and capacities if and when they are ascertained. Plaintiff is informed and believes that (a) each of the fictitiously named Defendants was responsible in some manner for the conduct alleged in this Complaint; (b) each was the agent, employee, alter-ego, and/or partner of one or more of the named Defendants; and (c) in doing the things alleged in this Complaint, were acting within the course and scope of that relationship.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201(a).

6.  This court has jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367.

7.  This Court has personal jurisdiction over Opulent, because Opulent is a California corporation with a principal place of business in this district.

8.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Opulent resides in this District, is subject to personal jurisdiction in this District, and, upon information and belief, a substantial portion of the events giving rise to Plaintiffs' claims occurred in this District.

9.  As described in more detail below, an immediate, real, and justiciable controversy exists between Opulent and Ya Ya as to whether certain dessert stands sold by Ya Ya infringe U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419, and whether U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419 are invalid. Because this action presents an actual controversy with respect to the noninfringement and invalidity of U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419, the Court may grant the declaratory relief sought under 28 U.S.C. §§ 2201-2202.

## BACKGROUND

10.  Ya Ya is an online seller of various home and event décor products, among which are certain cake stands. Ya Ya sells its products through its websites: www.efavormart.com, www.tableclothsfactory.com, www.ehomart.com, and www.silkflowersfactory.com as well as through third party on-line retailers such as Amazon.

11. Opulent is a seller of various home décor products, among which products are certain cake stands.

12. Ya Ya is informed and believes that Opulent applied to the United States Copyright Office seeking registration of the overall shapes of several of its functional cake stand products as "sculpture" and that those applications matured into U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419.

13. Ya Ya and Opulent are currently engaged in trademark litigation in this district in the matter of Opulent Treasures, Inc. v. Ya Ya Creations, Inc., Case No. 2:22-cv-0216-SSS-JC ("the trademark litigation").

14. On August 1, 2022, Ya Ya and Opulent attended a formal mediation of the trademark litigation. The mediation did not result in settlement.

15. Shortly after the mediation ended, on August 2, 2022, Opulent sent Ya Ya a draft amended complaint asserting that Ya Ya infringed U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419. The Ya Ya and Opulent met and conferred regarding a motion to amend the complaint in the trademark litigation on August 5, 2022. In that meet and confer, Opulent's counsel further stated an intent to pursue the copyright infringement claims again Ya Ya.

16. Despite Opulent's stated intent to pursue copyright claims against Ya Ya in the trademark litigation, no motion to amend has been filed in that matter.

17. On information and belief, instead of pursuing the copyright claims in litigation, Opulent began to assert those claims against Ya Ya directly with third-party on-line retailers such as Amazon.

18. On August 17, 2022, Plaintiff received correspondence from Amazon stating that Defendant had sent a takedown notice under the provisions of the DMCA, asserting copyright protection with a citation to the trademark litigation

which does not have any copyright claims therein. A copy of the August 17, 2022 takedown notice is attached hereto as Exhibit A.

19. On August 19, 2022, Plaintiff received correspondence from Amazon stating that Defendant had sent a takedown notice under the provisions of the DMCA, asserting copyright protection for certain cake stands. A copy of the August 19, 2022 takedown notice is attached as Exhibit B.

20. Amazon is an online retailer through which Plaintiff sells a substantial number of products, including the products that were the subject of the takedown notice. In addition to automatically taking down the product page(s) complained of, Amazon may choose to take down all of a seller's pages.

21. Plaintiff is informed and believes that the overall shapes and generic ornamentation of Opulent's cake stands are not eligible for copyright protection because they are functional and not original. Plaintiff is further informed and believes that even if the designs were copyrightable, Opulent is neither the original author of the designs nor an assignee. The sizes and shapes of the stands are dictated by the sizes and shapes of common desserts to be placed on the stands. On information and belief, Opulent took the trim surrounding the top of the stands in Copyright Reg. Nos. VA 2-298-980, VA 2-299-360, VA 2-299-366, VA 2-304-222 and VA 2-308-419 from a third-party pattern.

22. Plaintiff is therefore informed and believes that Opulent had no protectable copyright interest in the designs of its cake stands, and that it was aware that it had no protectable copyright interest at the time of sending the takedown notice to Amazon.

23. The takedown notices served on Amazon by Opulent damaged Plaintiff's reputation both for quality and honesty by implying that the goods were infringing knock-offs. Additionally, the takedown notice damaged Plaintiff by preventing sales of Plaintiff's products.

24.  Plaintiff has not infringed any of Opulent's copyrights. Ya Ya had no knowledge of and did not access Opulent's designs at the time Ya Ya's products were created. Ya Ya did not copy any Opulent design.

25.  Plaintiff has not infringed any of Opulent's copyrights, because Plaintiff's products have substantial differences from Opulent's designs. These differences include differences in the trim surrounding the tops of the stands, the crystals used on Plaintiff's products, the pedestals and the bases.

26.  Some representative differences may be seen in a comparison below of Ya Ya's CHDLR_CAKE04 products and Copyright Reg. No. VA 2-299-364 which was alleged as infringed in Opulent's threated amended complaint.


CHDLR_CAKE04_WHT;
CHDLR_CAKE04_GOLD


Copyight Reg. No. VA 2-299-364

27.  Plaintiff is informed and believes that unless forced to stop by court order, Defendants will continue to contact e-commerce sites and other vendors that sell and/or provide opportunities to market Plaintiff's products, causing additional damage to Plaintiff's reputation and additional damages in the form of lost sales.

# COUNT I

## Declaratory Relief

### (Against All Defendants)

28. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-27, inclusive, as though fully set forth herein.

29. An actual controversy has arisen and now exists between Plaintiff and Defendant Opulent concerning (a) the existence and/or scope of copyrights possessed by Opulent, if any; and (b) whether or not any products produced by Plaintiff infringe on Opulent's purported copyrights. Defendant Opulent has explicitly accused Plaintiff of infringement of its purported copyrights, and Plaintiff believes that its products do not so infringe, and that Plaintiff has the right to produce and sell its products without license.

30. Plaintiff seeks a judicial determination of whether Opulent has enforceable copyrights with respect to cake stands.

31. Plaintiff also seeks a judicial determination of whether any purported copyright that Opulent holds with respect to cake stands (should one be found to exist) is infringed by any of the products that were identified by Defendants in the Notices that Defendants sent to various third parties, including but not limited to Amazon.

32. A judicial determination of the rights and responsibilities of the parties over the purported copyrights in question is necessary and appropriate at this time in that the uncertainty over the issues of whether Opulent possesses any such rights and, if so, whether any of Plaintiff's products infringe on those purported rights is empowering Defendants to harm Plaintiff's business by interfering with its relationship with online vendors and marketing sites,, and is thwarting Plaintiff's ability to effectively respond to Defendants' wrongful acts.

## COUNT 2

## Violation of 18 U.S.C. §512(f)

## (Against All Defendants)

33. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-32, inclusive, as though fully set forth herein.

34. 18 U.S.C. § 512(f) bars a person from "knowingly materially misrepresent[ing]" that "material or activity is infringing" in a takedown notice under the DMCA. It states that such a person "shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer. . . as a result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing."

35. As described above, Defendants sent a notification under 18 U.S.C. §512(c) to Amazon alleging that material on Amazon – namely Plaintiffs' products or product packaging -- infringed on Defendants' purported copyrights. At least one of those notifications cited to the trademark litigation which does not have any copyright claims therein.

36. The products of Plaintiff depicted in those pictures do not infringe on any copyright that Defendants own or administer. Plaintiff is informed and believes that Defendants knew that the products of Plaintiff depicted in those pictures did not infringe on any copyright that Defendants own or administer.

37. Defendants' wrongful claims of copyright protection were solely motivated by a desire to harm Plaintiff's business.

38. As a direct and proximate result of Defendants' actions, Plaintiff has been injured substantially and irreparably. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the specious claim of infringement, harm to Plaintiffs' free speech rights under the First Amendment, attorneys' fees and costs, reputational harm and the loss of good will, and loss of sales associated with the reputational harms caused by Defendant.

# COUNT 3

## Violation of California's Unfair Competition Law

## California Business & Professions Code Section 17200, et seq.

### (Against All Defendants)

39. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-38, inclusive, as though fully set forth herein.

40. Defendants' acts as described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200 *et seq*.

41. In particular, Defendants engaged in false, misleading, or deceptive acts by: sending out takedown notices under the DMCA that assert copyright protection for Plaintiff's products, when in fact no such copyright protection exists.

42. The material misrepresentations made by Defendants are part of an intentional campaign to undermine Plaintiff's market position and business reputation, and are unlawful and/or unfair business practices prohibited by the UCL.

43. The harm to Plaintiff outweighs any possible utility of Defendants' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

44. Defendants' practices, as set forth above, have misled the general public in the past and will, if Defendants are not held responsible for their actions, continue to mislead the general public in the future. Consequently, Defendants' practices constitute an unlawful and unfair business practice within the meaning of UCL.

45. 53. As a direct and proximate result of such acts of unfair competition, Plaintiff has been injured in fact and has suffered the loss of money in the form of lost sales, both from the direct removal of Plaintiff's goods from vendor websites and as a result of the reputational damage caused by Defendant's conduct.

46. As a direct and proximate result of such acts of unfair competition, Defendants have wrongfully profited through the elimination of their online competition. Defendants should be required to disgorge to Plaintiff any and all profits earned as a result of their unlawful and unfair actions, or to provide Plaintiff with any other restitution or relief as the Court deems appropriate.

## COUNT 4

**Intentional Interference with Prospective Economic Advantage**

**Under California Law**

**(Against All Defendants)**

47. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-46, inclusive, as though fully set forth herein.

48. Plaintiff's economic relationships with its online vendors, distributors, retailers, and resellers, including but not limited to Amazon provide the probability of future economic benefits for Plaintiff, including providing prospective economic benefits in the form of access to new or repeat customers.

49. Defendants knew or should have known Plaintiff's economic relationships with its online vendors, distributors, retailers, and resellers provided prospective economic benefits for Plaintiff.

50. Defendants committed intentional acts that were designed, and which Defendants knew were substantially likely, to result in a disruption of Plaintiff's economic relationships with its online vendors, distributors, retailers, and resellers. Those acts were wrongful, and included, without limitation, the sending of the Notices and representation of Plaintiff's products as infringing on Defendants' purported intellectual property.

51. Plaintiffs' relationship with its online vendors, distributors, retails, and resellers, including but not limited to Amazon.com was disrupted as a result of Defendants' intentional, wrongful acts.

52. But for the conduct of Defendants, Plaintiff's economic relationship with its online vendors, distributors, resellers, and retailers would have resulted in economic benefits to Plaintiff.

53. As a result of the aforementioned conduct, Plaintiff suffered damages in an amount to be proved at trial, but which includes at a minimum the loss of customers, potential sales, and good will.

54. The aforementioned conduct was despicable, wanton, oppressive, malicious, duplicitous, and performed with willful and conscious disregard of Plaintiff's rights and with the intent to disrupt Plaintiff's operations and deprive Plaintiff of its rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

1. For a Declaration that each of U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419 be declared invalid.
2. For a Declaration that each of U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419 be declared non-infringed by Plaintiff's products.
3. For damages from lost sales in an amount that has yet to be ascertained;
4. For damages from the loss of business reputation and good will in an amount that has yet to be ascertained;
5. For punitive damages;
6. For disgorgement of all profits wrongfully obtained by Defendants as a result of the conduct complained of herein;
7. For pre- and post-judgment interest as permitted by law and otherwise;

8. For costs and attorney fees as permitted by law and otherwise (including under 17 U.S.C. § 512(f)); and

9. For any such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 29, 2022                KARISH & BJORGUM, PC


By: _____/s/  *Marc A. Karish*_____
             Marc A. Karish

Attorneys for Plaintiff
YA YA CREATIONS, INC.

**REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff Ya Ya Creations, Inc. hereby request a trial by jury of all issues raised by the Complaint which are properly triable to a jury.

Respectfully submitted,

Dated:   August 29, 2022      KARISH & BJORGUM, PC

By: ___/s/  Marc A. Karish___
             Marc A. Karish

Attorneys for Plaintiff
YA YA CREATIONS, INC.