IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPULENT TREASURES, INC., <br><br> Plaintiff, <br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | No. 23-cv-14142 <br> Judge Franklin U. Valderrama |

**ORDER**

In this trademark infringement Schedule A case, Plaintiff Opulent Treasures, Inc. sought and obtained an *ex parte* temporary restraining order (TRO) against numerous defendants, including two affiliates of Defendant Ya Ya Creations, Inc. Realizing that it mistakenly included Defendant's affiliates in its TRO, Plaintiff dismissed them, but not before Defendant incurred fees and costs. Before the Court is Defendant's itemized request for reimbursement of attorneys' fees and costs. Defendant seeks an award of $150,863.70. R.[1] 72. For the reasons that follow, the Court grants Defendant an award of $98,276.20.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

1

**Background**

Defendant's reimbursement request stems from an illegitimate TRO. In its original Schedule A [2] alleging trademark infringement regarding cake stands, Plaintiff named efavormart and tableclothsfactory as defendants, along with 199 other Schedule A entities. efavormart and tableclothsfactory, however, are operated by Defendant, with whom Plaintiff is in active litigation in the U.S. District Court for the Central District of California concerning the same common nucleus of facts, represented by the same law firms. Plaintiff, effectively conceding that it wrongfully named efavormart and tableclothsfactory, dismissed them from the Schedule A case here once it learned of their affiliation with Defendant. Dismissal, however, did not shield Defendant from certain costs incurred as a result of the TRO. And upon briefing, this Court ordered that Defendant be returned to the status quo.

**Analysis**

In November 2023, the Court granted Defendant's motion for reimbursement. R. 46, Reimbursement Motion; R. 63, Reimbursement Order. In doing so, the Court ordered Defendant to file a declaration, including itemizations for claimed lost interest, reasonable attorneys' fees, and costs, incurred in connection with returning Defendant to the status quo. *Id.* In response, Defendant outlines four cost claims: (1) lost interest: $3,222.11; (2) Karish & Bjorgum, PC Attorney's Fees: $3,697.50; (3)

---

[2] These lawsuits are typically filed against a group of sellers whose assumed names are listed on an attachment to the complaint, usually called "Schedule A." *Oakley, Inc. v. P'ships & Unincorporated*, 2021 WL 308882, at *1 (N.D. Ill. January 30, 2021).

2

Sheppard Mullin Attorneys' Fees: $139,339.59; and (4) unbilled but incurred Sheppard Mullin Fees: $4,604.50. R. 72, Declaration of Scott McCurdy.

Plaintiff advances several arguments objecting to Defendant's itemized costs. First, Plaintiff argues that the Court should limit the award amount to lost interest. R. 80, Objections. That is, Defendant is not entitled to attorneys' fees because Plaintiff filed the motion for temporary restraining order in good faith. The Court rejects this argument.

The proposition that the Court's authority to award attorneys' fees here is limited to or conditioned on a finding of bad faith is overstated. Pursuant to Federal Rule of Civil Procedure 11, the Court may award attorneys' fees incurred while defending an *ex parte* TRO either when the TRO caused "needless delay" and unnecessarily "increased the cost of litigation," or when the TRO was obtained by pleadings that were not "well grounded in fact" or made after "reasonable inquiry." *Raskin, S.A. v. Datasonic Corp.,* 1986 WL 12598, at *3 (N.D. Ill. Nov. 5, 1986); *see also Xped LLC v. Entities Listed on Exhibit 1*, 2023 WL 5748350, at *17 (N.D. Ill. Sept. 6, 2023) ("[A]warding attorney's fees is critical for deterrence due to the *ex parte* nature of the TRO proceedings and the fast pace of the preliminary injunction proceedings.").

Here, the limitations Plaintiff seeks to impose are not sufficiently supported, especially when a "reasonable inquiry" could have prevented "increased litigation costs" due to Plaintiff wrongfully including in its TRO affiliates of an operator with

3

whom it is already in active litigation in a different federal district court. Therefore, the Court will not strip Defendant's award of reasonable attorneys' fees.

Second, Plaintiff argues that the Court should reduce Defendant's attorneys' fees because they are redundant, duplicative, and not reasonable. The Court now addresses the reasonableness of Defendant's counsel's fees.

A district court has wide discretion in determining the appropriate amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). The party seeking the fee award has the burden of proving the attorneys' fees are reasonable and must exercise billing judgment, meaning the petitioning party must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Accordingly, if the prevailing party fails to exercise the proper billing judgment, a court should exclude from the fee calculation hours that were not reasonably expended." *Gibson v. City of Chicago,* 873 F. Supp. 2d 975, 985 (N.D. Ill. 2012) (cleaned up).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "A reasonable hourly rate should reflect the attorney's market rate, defined as the rate that lawyers of similar ability and experience in the community normally charge

4

their paying clients for the type of work in question." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) (cleaned up)[3].

"Because duplicative time that could not be reasonably billed to a client also cannot be billed to an adversary through a fee-shifting statute, the Seventh Circuit has cautioned that the tendency of law firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time." *Gibson*, 873 F. Supp. 2d at 989 (cleaned up); *see also Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.,* 574 F.3d 852, 858 (7th Cir.2009) (district courts are "encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees.").

At the same time, the Seventh Circuit has also recognized that merely because two lawyers have billed for the same task does not mean that the hours should be deducted. *Tchemkou v. Mukasey,* 517 F.3d 506, 511–12 (7th Cir.2008). Thus, the relevant inquiry remains whether the time was "reasonably expended." *Gibson,* 873 F. Supp. 2d at 989.

## I. Reasonableness of the Rates

The Court first evaluates the reasonableness of the rates charged.

### a) Sheppard Mullin Attorneys

To begin, Plaintiff objects to the hourly rates charged by Sheppard Mullin attorneys because, as Plaintiff sees it, they are not indicative of rates charged by attorneys in Chicago with similar experience and skill. Objections ¶10. Defendant's

---

[3] This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

counsel, however, states that the Sheppard Mullin rates are discounted and comparable to those of attorneys of similar skill, reputation, and experience in this District. R. 71-2 ¶ 2, Declaration of Jill M. Petrini. To support this contention, noting that Sheppard Mullin is an AmLaw 100 firm[4], Defendant's counsel furnished the 2023 rates for AmLaw 100 firms in the Chicago litigation market:

| Timekeeper | Financial Insights Classification | AmLaw 100 Average Rate |
|---|---|---|
| Jill M. Pietrini | Equity Partner 35-39 Years of Experience | $1,119 |
| Bradley Graveline | Equity Partner 30-34 Years of Experience | $1,082 |
| James Wald | Of Counsel | $956 |
| Ram Reddy | Associate 1st Year | $544 |

*Id.* at 4.

*Compare* Sheppard Mullin's attorneys' rates in this matter:

| Attorney | Title | Hourly Rate |
|---|---|---|
| Jill M. Pietrini | Partner | $1,120 |
| Bradley C. Graveline | Partner | $1,075 |
| James C. Wald | Special Counsel | $740 |
| Ramchandra Reddy | Junior Associate | $565 |

*Id.* at 2.

The data provided here demonstrates that the Sheppard Mullin rates are within the relevant comparable median. *FitzMark, LLC v. Rogers*, 2024 WL 758017, at *4 (S.D. Ind. Feb. 23, 2024) (using the Midwestern AmLaw 100 average rates to determine the reasonableness of comparable attorney rates). Defendant's counsel has sufficiently established that the rates Sheppard Mullin charged in this matter are

---

[4] The Am Law 100 is the raking of the 100 largest law firms in the United States: (Top 100 US Law Firms - 2023 AM Law 100) (last visited April 7, 2024).

analogous to what is charged for similar work in this community. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (cleaned up) ("District court[s] may rely on evidence of rates charged by similarly experienced attorneys in the community."). Accordingly, the Court finds that the reasonableness requirement is satisfied.

### b) Sheppard Mullin Paralegals

Regarding paralegal rates, Plaintiff argues that the Court should reduce Sheppard Mullin's paralegal rates to $100 per hour, which Plaintiff contends is consistent with what courts in this District have found reasonable for paralegal time. Objections ¶ 22. However, the only evidence submitted to support this proposition is case law, the most recent case being from 2018. *Id*. And while the Court is aware of the awards in cases cited by Plaintiff, the Court is not persuaded that paralegal rates have remained stagnant for six years. Furthermore, the Court notes that the paralegal time charged on this matter is 0.50 hours total across three different paralegals, which translates to $197 in fees. Declaration of Jill M. Petrini; *see also Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 557 (7th Cir. 1999), which the Court finds instructive:

> After considering the opinions of the other courts on the market rates of Rossiello and his paralegal, however, the district court elected to follow its own assessment as to the value of Rossiello's and his paralegal's performance. Since each court is entitled to arrive at its own determination as to a reasonable hourly rate for an attorney's services, see id., the district court's hourly rate determinations in this case are to be afforded great deference so long as the fee awards relied on by the district court in reaching its determination are sufficiently recent to be probative of counsel's current market rates.

7

Accordingly, the Court, in its discretion, declines to reduce Sheppard Mullin's paralegal rates.

## II. Reasonableness of Time Expended

The Court now evaluates the reasonableness of the hours expended. On this point, Plaintiff argues that Sheppard Mullin's fee itemization includes several hours that should be either excluded or reduced because the time was not reasonably expended. The Court addresses each objection in turn.

### a) Lost Interest

First, Defendant seeks $3,221.11 in lost interest. Declaration of Scott McCurdy. Plaintiff does not object to this claim. The Court therefore grants this award.

### b) Unbilled Sheppard Mullin Fees

Contested time is as follows:

| Attorney | Title | Hourly Rate | Hours | Total Per Attorney |
|---|---|---|---|---|
| Jill M. Pietrini | Partner | $1,120 | 1.8 | $2,016 |
| James C. Wald | Special Counsel | $740 | 2.2 | $1,628 |
| Ramchandra Reddy | Junior Associate | $565 | 1.7 | $960.50 |

Declaration of Jill M. Petrini ¶ 5.

Plaintiff argues the unbilled estimated fees for services rendered from December 2 to December 4 should be excluded because no description of this work has been provided. Objections ¶ 21. The Court agrees. "Where a court finds hours to be insufficiently documented, it may disallow those hours or reduce the entire fee award by a proportionate amount." *Cooper v. Verifications, Inc.,* No., 2008 WL 5332190, at

8

*12 (N.D. Ind. Dec. 18, 2008). Accordingly, the Court excludes the fees in connection with the description-less time entries from Defendant's award.

### c) Proving Prior Knowledge

Contested time is as follows:

| Attorney | Title | Hourly Rate | Hours | Total Per Attorney |
|---|---|---|---|---|
| Jill M. Pietrini | Partner | $1,120 | 2.9 | $3,248 |
| James C. Wald | Special Counsel | $740 | 3.10 | $2,294 |
| Ramchandra Reddy | Junior Associate | $565 | 3.5 | $1,977.50 |

Objections, Exhibit 2.

Plaintiff argues that the fees incurred on efforts to prove Plaintiff had prior knowledge of Defendant's affiliation with efavormart and tableclothsfactory after the Court issued the Reimbursement Order should be excluded. Objections ¶ 16. Plaintiff maintains that this work was not responsive to the Court's Reimbursement Order and therefore out of scope. The Court agrees.

The Court's Reimbursement Order directed Defendant to "file a declaration, including itemizations for claimed lost interest, reasonable attorneys' fees, and costs incurred in connection with returning [Defendant] to the status quo in this matter." Reimbursement Order. Prior to this directive, the Court noted that Plaintiff wrongfully named Defendant's affiliates in the Schedule A action, so the prior knowledge issue had effectively been resolved in Defendant's favor. *Id.* Accordingly, recognizing that additional arguments regarding prior knowledge would not "advance the case," the Court sought only Defendant's cost itemization. *World Outreach Conference Ctr. v. City of Chicago*, 234 F. Supp. 3d 904, 918 (N.D. Ill. 2017), aff'd, 896

9

F.3d 779 (7th Cir. 2018). The Court further affirmed its position in a Clarifying Order, where it reminded parties:

> [I]t required Defendant Ya Ya Creations, Inc. to file a Declaration which included itemizations for claimed lost interest, reasonable attorneys' fees, and costs, incurred in connection with returning Ya Ya Creation to the status quo in this matter only, and the Court's order did not solicit further argument on whether Plaintiff was aware of Defendant Ya Ya Creations, Inc.'s affiliation with efavormart and tableclothsfactory before filing this lawsuit. Thus, the Court will not address Defendant Ya Ya Creations, Inc.'s further argument on this point…

R. 79, Clarifying Order.

Therefore, the Court excludes these fees from Defendant's award. *FitzMark, LLC,* 2024 WL 758017, at *4 (cleaned up) ("The Court finds that [Plaintiff] may not recover fees for time spent [certain tasks] because those fees were not incurred as a result of [the action precipitating this case]."); *Shelter Ins. Co. v. Lightning & Supplies, Inc.,* 2012 WL 5505778, at *2 (S.D. Ind. 2012) (not awarding attorneys' fees related to plaintiffs' motion to suspend the case management plan because the motion was not incurred as a result of underlying claim in the case).

### d) Motion for Sanctions

Contested time, not including the excluded 3.5 hours billed by Reddy, is as follows:

| Attorney | Title | Hourly Rate | Hours | Total Per Attorney |
|---|---|---|---|---|
| James C. Wald | Special Counsel | $740 | 2.3 | $1,702 |

Objections, Exhibit 3.

Here, Defendant seeks to recover attorneys' fees incurred for time counsel expended on unfiled motions for sanctions. Declaration of Pietrini ¶ 6. But as Plaintiff again correctly notes, these services, which Wald rendered after the Court granted

10

Defendant's Reimbursement Motion, are not pertinent to Defendant furnishing an itemization of costs pursuant to the Court's Reimbursement Order. *FitzMark, LLC*, 2024 WL 758017, at *4; *Shelter Ins. Co.*, 2012 WL 5505778, at *2 (S.D. Ind. 2012). Furthermore, a district court may adjust an award "in light of the plaintiff's level of success." *Spegon,* 175 F.3d at 557. An unfiled motion for sanctions has no measurable level of success, and the Court may deny fees on a motion "that did not otherwise advance the case." *World Outreach Conference Ctr.*, 234 F. Supp. 3d at 918. Therefore, the Court excludes these fees from the Defendant's award.

### e) Karish & Bjorgum, PC Attorney's Fees

Defendant seeks $3,697.50 in attorney's fees in connection with services rendered by Karish & Bjorgum, PC. Declaration of Scott McCurdy. Notably, Plaintiff has used these fees as a reasonable benchmark when contrasting Sheppard Mullin's fees. Objections ¶ 7; 17. Plaintiff objects to the time expended on efforts proving Plaintiff's prior knowledge after the Court issued its Reimbursement Order as discussed *supra*. Objections ¶ 16. Therefore, consistent with the Court's prior ruling on the Plaintiff's prior knowledge objections herein, the Court reduces the Karish & Bjorgum, PC Attorney's Fees by $255, the amount billed for these efforts.

### f) Remaining Objections: Motion to Dissolve TRO and Duplicate Entries

Finally, Plaintiff's remaining objections span two exhibits: Exhibit 1, which highlights objections to time incurred in connection with the motion to dissolve the TRO; and Exhibit 4, which highlights objections to "duplicative, redundant, and excessive billing entries." Objections ¶¶ 1, 6. Upon review, there is significant overlap among the objected entries in Exhibit 1 and Exhibit 4. That is, Plaintiff consistently

11

objects to the same time entries on different grounds across exhibits. Considering this, "if the court were to rule serially on the objections in [D]efendant's exhibits [1 and 4], [dozens] of hours would potentially be deducted more than once." *Sommerfield v. Knasiak*, 2021 WL 5795303, at *8 (N.D. Ill. Dec. 7, 2021). And it is well established that double discounting hours is a reversible error. *Baker v. Lindgren*, 856 F.3d 498, 506–07 (7th Cir. 2017).

Accordingly, to avoid double discounting, the Court will rule on Plaintiff's remaining objections collectively, using Exhibit 1 as the "Master List," since it encompasses all the objected entries in Exhibit 4, save four. *Sommerfield*, 2021 WL 5795303, at *8. This approach permits the Court to make "relatively efficient rulings" on an overwhelming majority of Plaintiff's objections without running the risk of "double deducting hours." *Id.*

Contested time is as follows:

| Attorney | Title | Hourly Rate | Hours | Total Per Attorney |
|---|---|---|---|---|
| Jill M. Pietrini | Partner | $1,120 | 23.1 | $25,872 |
| Bradley C. Graveline | Partner | $1,075 | 7.7 | $8,277.5 |
| James C. Wald | Special Counsel | $740 | 62.5 | $46,250 |
| Ramchandra Reddy | Junior Associate | $565 | 31.1 | $17,571.5 |

Objections, Exhibit 1.

Here, Plaintiff generally argues that Sheppard Mullin's billing on a "simple and straight forward matter" is "replete with duplicative, redundant, and excessive billing entries by… attorneys with a cumulative practicing experience of at least 75

12

years." Objections ¶ 18. Specifically, Plaintiff contends that it is unreasonable for Sheppard Mullin attorneys to have spent more than 100 hours on the motion to dissolve the TRO and more than 22 hours to prepare the reimbursement declaration. *Id.* ¶¶ 14, 20. The Court agrees.

The opening five-page motion to dissolve the TRO concerned a linear issue; it did not involve complex legal issues. The accompanying memorandum, which was 13 pages, and the client and co-counsel declarations, which totaled 12 pages, also did not involve complex, novel issues. Moreover, the undertaking to dissolve the TRO certainly did not require the expertise of several lawyers at a big law firm, including two equity partners with at least 60 years of collective experience, a special counsel, and a junior associate.

In short, Defendant failed to meet its burden to show that the efforts to dissolve the TRO merited approximately 124.4 hours of work by four attorneys. *Schlacher*, 574 F.3d at 858 (7th Cir. 2009) (citations omitted) ("Though efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees."). This rationale holds equal weight when several lawyers spend more than 22 hours on a declaration for reimbursement. *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001) (affirming two attorney hours for preparation of the fee petition was reasonable).

The Court will accordingly "trim the fat." *Young v. Verizon's Bell Atl. Cash Balance Plan*, 783 F. Supp. 2d 1031, 1040 (N.D. Ill. 2011); *Schmalz v. Vill. of N.*

13

*Riverside*, 2018 WL 4515996, at *4 (N.D. Ill. Apr. 19, 2018); *DeBartolo v. Health & Welfare Dep't of the Const. & Gen. Laborers' Dist. Council of Chicago & Vicinity*, 2011 WL 1131110, at *10 (N.D. Ill. Mar. 28, 2011). Because the Court agrees that the contested time entries identified in Exhibit 1 reflect unreasonably expended time due to inefficiencies and duplicity, the Court, in its discretion, reduces the objected entries as follows:

| Attorney | Title | Initially Billed Hours | Adjusted Hours |
|---|---|---|---|
| Jill M. Pietrini | Partner | 23.1 | 15.4 |
| Bradley C. Graveline | Partner | 7.7 | 5.1 |
| James C. Wald | Special Counsel | 62.5 | 41.7 |
| Ramchandra Reddy | Junior Associate | 31.1 | 20.7 |

## Conclusion

For the foregoing reasons, the Court awards Defendant $98,276.20 for reimbursement of attorneys' fees and costs.

| Award Requested | $150,863.70 |
|---|---|
|  |  |
| Less Excluded Unbilled Fees | $4,604.50 |
| Less Excluded Prior Knowledge Fees | $7,774.50 |
| Less Excluded Motion for Sanctions Fees | $1,702 |
| Less Reduced Unreasonably Expended Hours Fees | $38,506.50 |
|  |  |
| **Award Granted** | **$98,276.20** |

Date: April 8, 2024

_____
United States District Judge
Franklin U. Valderrama

14